JOHN T. BAUER (JB 4658)
LISA M. GRIFFITH (LG 1020)
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants
    SES Operating Corp., et al.
532 Broadhollow Road
Suite 142
Melville, NY  11747
631.293.4525


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LYDIA VELEZ,

                Plaintiff,

          -against-

SES OPERATING CORP., HARLEM EAST LIFE
PLAN, and HARLEM EAST LIFE PLAN-SES
CORP.,

                Defendants.

Civil Action No. 07-CV-10946 (GEL)

---

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO AMEND THE ANSWER AND FOR PARTIAL JUDGMENT ON THE PLEADINGS

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ....................................................................1

STATEMENT OF FACTS ..........................................................................2

I    THE COURT SHOULD GRANT DEFENDANTS' MOTION TO AMEND THE ANSWER TO ADD THE AFFIRMATIVE DEFENSES OF STATUTE OF LIMITATIONS AND WORKERS' COMPENSATION PREEMPTION ........................................................2

II.    THE COURT SHOULD DISMISS THOSE CLAIMS THAT ARE EITHER TIME-BARRED OR WHICH FAIL TO STATE A CLAIM ...5

    A.    The Standard Of Review................................................................5

    B.    All Causes Of Action Brought Under An Intentional Tort Theory Are Time-Barred And Must Be Dismissed .....................6

    C.    Plaintiff's Claims Under A Theory Of Negligence Are Preempted By The Exclusivity Provisions Of New York's Workers' Compensation Law ........................................................7

    D.    Plaintiff Fails To State A Cause Of Action Under A Negligence Theory.......................................................................7

    E.    Plaintiff Fails To State A Claim Under Common Law Breach Of Contract .......................................................................8

    F.    Plaintiff Fails To State A Claim Under 42 U.S.C. § 1983............8

    G.    Plaintiff Fails To State A Claim Under 42 U.S.C. § 1985............9

        1.    Plaintiff's Claims Brought Under 42 U.S.C. § 1985 Must Be Dismissed Pursuant To The Intracorporate Conspiracy Doctrine .........................................................9

        2.    Plaintiff's Conclusory Allegations Are Insufficient To State A Claim Under 42 U.S.C. § 1985.....................10

        3.    Plaintiff Cannot Rely On 42 U.S.C. § 1985 To Enforce The Anti-Discrimination Statutes.....................11

        4.    Plaintiff's Claims Pursuant To 42 U.S.C. § 1985 Must Be Dismissed For Failing To Allege State Action....................................................................12

    H.    Plaintiff Fails To State A Claim Under 42 U.S.C. § 1986..........12

CONCLUSION.......................................................................................13

# TABLE OF AUTHORITIES

## CASES

*Akins v. Glens Falls City Sch. Dist.*, 52 N.Y.2d 325 (1981)........................................................ 8

*Alfaro v. City of New York*, No. 03 Civ. 8206, 2007 U.S. Dist. LEXIS 6408, at
   *22 (S.D.N.Y. Jan. 29, 2007)........................................................................................... 10

*Alvarado v. Kerrigan*, 152 F. Supp. 2d 350, 354 (S.D.N.Y. 2001) .............................................. 5

*Boritz v. Financial Info. Servs. Agency*, No. 97-7803, 1997 U.S. App. LEXIS
   36344, at *2 (2d Cir. Dec. 26, 1997) ........................................................................... 4

*Brown v. City of Oneonta*, 221 F.3d 329, 341 (2d Cir. 2000)................................................... 12

*Bryn Mawr Hosp. v. Coatesville Elec. Supply Co.*, 776 F. Supp. 181 (E.D. Pa.
   1991) ............................................................................................................................ 3

*Chrzanowski v. Lichtman*, 884 F. Supp. 751 (W.D.N.Y. 1995) .................................................. 7

*Clapp v. Greene*, 743 F. Supp. 273, 276 (S.D.N.Y. 1990), *aff'd*, 930 F.2d 912 (2d
   Cir. 1991), *cert. denied*, 502 U.S. 868 (1991) .......................................................... 6

*Cucchi v. New York City Off-Track Betting Corp.*, 818 F. Supp. 647 (S.D.N.Y.
   1993) ............................................................................................................................ 8

*D'Alessio v. N.Y. Stock Exchange, Inc.*, 258 F.3d 93, 99 (2d Cir.), *cert. denied*,
   534 U.S. 1066 (2001)................................................................................................... 5

*De Petris v. Union Settlement Ass'n*, 86 N.Y.2d 406 (1995)....................................................... 8

*E*Trade Financial Corp. v. Deutsche Bank AG*, 420 F. Supp. 2d 273 (S.D.N.Y.
   2006) ............................................................................................................................ 2

*Edmond v. Hartford Ins. Co.*, No. 01-7511, 2001 WL 1486539, at *1 (2d Cir.
   Nov. 14, 2001) ............................................................................................................. 12

*Foman v. Davis*, 371 U.S. 178 (1962) ........................................................................................ 2

*Great Am. Fed. Sav. & Loan Ass'n v. Novotny*, 442 U.S. 366 (1979)...................................... 12

*Hanlin v. Mitchelson*, 794 F.2d 834, 841 (2d Cir. 1986)............................................................ 4

*Hennenberger v. County of Nassau*, 465 F. Supp. 2d 176 (S.D.N.Y. 2006) ............................ 10

*Herrmann v. Moore*, 576 F.2d 453 (2d Cir. 1978) ................................................................... 10

*Huszar v. Zeleny*, 269 F.Supp. 2d 98 (E.D.N.Y. 2003) .............................................................. 9

*Lamont v. Frank Soup Bowl*, 99 Civ. 12482, 2000 U.S. Dist. LEXIS 18550
   (S.D.N.Y. Dec. 27, 2000)............................................................................................. 3

*Mariani v. Consolidated Edison Co.*, 982 F. Supp. 267, 173 (S.D.N.Y. 1997) ......................... 6

*Marks v. New York Univ.*, 61 F. Supp. 2d 81 (S.D.N.Y. 1999) ................................................... 8

*Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 284 (2d Cir. 2000) ........................... 4

*Nelson v. Ulster County*, No. 06-CV-1057, 2007 U.S. Dist. LEXIS 58267
   (N.D.N.Y Aug. 7, 2007) ........................................................................................... 3, 4

*New York v. Panex Indus., Inc.*, 94-CV-0400E, 1997 U.S. Dist. LEXIS 3163
   (W.D.N.Y. Mar. 14, 1997)............................................................................................ 3

*O'Brien v. King World Prods., Inc.*, 669 F. Supp. 639 (S.D.N.Y. 1987) .................................... 7

*Perkins v. Kamco Supply Corp.*, No. 06 Civ. 5054, 2007 U.S. Dist. LEXIS 87451, at **9-10 (S.D.N.Y. Nov. 27, 2007)..........................................................................10

*Sabetay v. Sterling Drug Inc.*, 69 N.Y.2d 329 (1987) ................................................8

*Salgado v. City of New York*, No. 00 Civ. 3667, 2001 U.S. Dist. LEXIS 31296, at *9 (S.D.N.Y. Mar. 26, 2001) .........................................................................................10

*Sauls v. Bristol – Myers Co.*, 462 F. Supp. 887 (S.D.N.Y. 1978)...............................10

*Saxholm AS v. Dynal, Inc.*, 938 F. Supp. 120 (E.D.N.Y. 1996) ...................................3

*Sheppard v. Beerman*, 18 F.3d 147, 153 (2d Cir.), *cert. denied*, 513 U.S. 816 (1994)..............................................................................................................................6

*Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522 (2d Cir. 1996)...................................11

*Silver v. Kuehbeck*, No. 05- Civ.-35, 2005 U.S. Dist. LEXIS 26956, at **23-25 (S.D.N.Y. Nov. 7, 2005) .............................................................................................7

*Simpson v. Town of Southampton*, No. 06-Civ. 6743, 2007 U.S. Dist. LEXIS 43649, at **20-21 (E.D.N.Y. June 15, 2007) ....................................................................12

*Stewart v. Crosswalks TV Network*, 98 CV 7316, 2002 U.S. Dist. LEXIS 2989, at **18-19 (S.D.N.Y. Feb. 21, 2002)...........................................................................10

*Tokio Marine & Fire Ins. Co. v. Employers Ins.*, 786 F.2d 101, 103 (2d Cir. 1986) ..................4

*United Bhd. of Carpenters & Joiners of America, Local 610 v. Scott*, 463 U.S. 825 (1983)............................................................................................................................11

*United Bhd. of Carpenters & Joiners, Local 610 v. Scott*, 463 U.S. 825 (1983).......................12

*Viacom Int'l, Inc. v. Time, Inc.*, 785 F. Supp. 371, 375 n.11 (S.D.N.Y. 1992) ............................6

**STATUTES**

42 U.S.C. § 1983....................................................................................................8, 9, 13

42 U.S.C. §§ 1983, 1985 and 1986 ...............................................................................1

Civil Rights Act of 1964 ..............................................................................................11

CPLR § 215....................................................................................................................6

N.Y. Workers' Comp. Law §§10, 11, 29........................................................................7

Rule 12(c) of the Federal Rules of Civil Procedure.......................................................5

## PRELIMINARY STATEMENT

Plaintiff, Lydia Velez, brings this action alleging discrimination under various federal, state and city statutes. Plaintiff also purports to bring claims under various theories in tort. The Complaint, however, is poorly worded, vague and ambiguous with respect to many of the causes of action alleged. For this reason, Defendants, at this early stage in the litigation, seek to amend the Answer to add two defenses: (1) that Plaintiff's intentional tort claims (part of the Fifth Cause of Action and the Eighth Cause of Action) are time-barred and (2) that Plaintiff's causes of action in negligence (part of the Fifth Cause of Action and the Sixth Cause of Action) are preempted by the exclusivity provisions of New York's Workers' Compensation Law.

Defendants also move for partial judgment on the pleadings and seek dismissal[1] of the following claims: 1) Plaintiff's claims under 42 U.S.C. §§ 1983, 1985 and 1986 (part of the First Cause of Action and part of the Fourth Cause of Action) on the ground that the Complaint fails to allege facts sufficient to sustain such claims; 2) Plaintiff's intentional tort claims (part of the Fifth Cause of Action and the Eighth Cause of Action) on the grounds of timeliness; 3) Plaintiff's negligence claims (part of the Fifth Cause of Action and the Sixth Cause of Action) on the grounds of Workers' Compensation preemption and failure to allege facts sufficient to sustain such claims; and 4) Plaintiff's breach of contract claim (the Seventh Cause of Action) on the ground that the Complaint fails to allege the existence of a contract.

For the reasons set forth below, the Court should grant Defendants' motion to amend the Complaint and Defendants' motion for partial judgment on the pleadings.

---

[1] By stipulation of the parties and Order of the Court dated April 11, 2008, the following claims have already been voluntarily dismissed: all claims arising under the New York Workers' Compensation Law, all claims based on or arising under the "Civil Rights Act of 1966" and all claims based on or arising under New York Labor Law 20-C (New York Labor Law § 740).

## STATEMENT OF FACTS[2]

Plaintiff alleges that she was hired by the Defendants on or about March 1, 2006 in the position of substance abuse counselor. See Complaint ¶ 10. Plaintiff also alleges that during her brief employment with Defendants, which lasted less than three months, Defendants discriminated against her and terminated her employment. Id. ¶¶ 11–16. Plaintiff further alleges that Defendants wrongfully caused her to be arrested on or about August 7, 2006, which she alleges was additional wrongful, retaliatory and discriminatory conduct towards her. Id. ¶ 16.

## I.
## THE COURT SHOULD GRANT DEFENDANTS' MOTION TO AMEND THE ANSWER TO ADD THE AFFIRMATIVE DEFENSES OF STATUTE OF LIMITATIONS AND WORKERS' COMPENSATION PREEMPTION.

Defendants move to amend the Answer, for the first time, to add two defenses: (1) that Plaintiff's intentional tort claims are barred by the applicable statute of limitations, and (2) that Plaintiff's negligence claims are preempted by the exclusivity provisions of New York's Workers' Compensation Law. Rule 15 of the Federal Rules of Civil Procedure provides that a party may amend a pleading by leave of court and "leave shall be freely given when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Federal courts must freely grant leave to amend a pleading if the following four criteria are met: (1) the party seeking the amendment has not unduly delayed; (2) when that party is not acting in bad faith or with a dilatory motive; (3) when the opposing party will not be unduly prejudiced by the amendment; and (4) when the amendment is not futile. *Id.*; *E\*Trade Financial Corp. v. Deutsche Bank AG*, 420 F. Supp. 2d 273 (S.D.N.Y. 2006). "The party opposing a motion for leave to amend has the burden of

---

[2] In a motion on the pleadings, the Court accepts the non-conclusory allegations contained in the complaint as true and draws all reasonable inferences in favor of the nonmoving party. Although Defendants dispute Plaintiff's factual allegations, for purposes of the instant motion only, Defendants will assume that the non-conclusory facts asserted in the Complaint are true. Defendants reserve the right to controvert any and all allegations contained in the Complaint at any subsequent stage in the litigation of this matter.

establishing that granting such leave would be unduly prejudicial." *Nelson v. Ulster County*, No. 06-CV-1057, 2007 U.S. Dist. LEXIS 58267, at \*\*7-8 (N.D.N.Y Aug. 7, 2007) (citing *New York v. Panex Indus., Inc.*, 94-CV-0400E, 1997 U.S. Dist. LEXIS 3163, at \*2 (W.D.N.Y. Mar. 14, 1997)); *see also Saxholm AS v. Dynal, Inc.*, 938 F. Supp. 120, 123 (E.D.N.Y. 1996); *Lamont v. Frank Soup Bowl*, 99 Civ. 12482, 2000 U.S. Dist. LEXIS 18550 (S.D.N.Y. Dec. 27, 2000) (granting defendant's motion to amend the answer to add three affirmative defenses, including statute of limitations). This requires the non-movant to "do more than simply claim to be prejudiced." *Nelson*, 2007 U.S. Dist. LEXIS 58267, at \*8 (citing *Bryn Mawr Hosp. v. Coatesville Elec. Supply Co.*, 776 F. Supp. 181, 185 (E.D. Pa. 1991)).

Defendants have not unduly delayed seeking to amend the Answer in this case. Indeed, Plaintiff has yet to serve initial disclosures or discovery demands, no depositions have been taken and no other motion has been made in this action. Moreover, Defendants are not acting in bad faith in seeking to amend the Answer. The reason that Defendants seek to amend the Answer at this time is because Plaintiff's causes of action are poorly worded, confusing and ambiguous. Thus, it is not readily apparent whether Plaintiff raised claims in tort or was merely reciting the emotional damages she claims to have suffered as a result of Defendants' purported acts of discrimination. So as not to foreclose the affirmative defenses based on the statute of limitations and preemption, Defendants seek to amend the Answer at this early stage in the litigation. In addition, the amendments to the Answer will not be futile, because should the Court grant Defendants' motion to amend the Answer, Defendants simultaneously move to dismiss all intentional tort claims based on the amended statute of limitations defense and all claims under a theory of negligence based on the amended Workers' Compensation preemption defense. *See infra,* Points II(B) and (C).

Finally, Plaintiff cannot meet her burden to show that she will be prejudiced if the

Court grants Defendants' motion to amend the Answer.

> In determining what constitutes prejudice from the amendment of a
> pleading, courts within the Second Circuit generally consider
> 'whether the assertion of the new claim or defense would
> (i) require the opponent to expend significant additional resources
> to conduct discovery and prepare for trial; (ii) significantly delay
> the resolution of the dispute; or (iii) prevent the plaintiff from
> bringing a timely action in another jurisdiction.'

*Nelson*, U.S. App. Dist. LEXIS 58267, at **8-9 (citing *Monahan v. New York City Dep't of

Corr.*, 214 F.3d 275, 284 (2d Cir. 2000)). Courts will further consider whether the opponent was

otherwise on notice of the new claim [or defense]; and whether that claim [or defense] derives

from the same facts set forth in the original pleading. *Nelson*, U.S. App. Dist. LEXIS 58267, at

**8-9 (citing *Hanlin v. Mitchelson*, 794 F.2d 834, 841 (2d Cir. 1986) and *Tokio Marine & Fire

Ins. Co. v. Employers Ins.*, 786 F.2d 101, 103 (2d Cir. 1986)).

First, as discussed above, leave is sought early in the case. Plaintiff has not yet

served initial disclosures or discovery requests, no depositions have been taken and no other

motions have been made; therefore, Plaintiff will not be required to expend significant additional

resources to conduct discovery and prepare for trial. *See Boritz v. Financial Info. Servs. Agency*,

No. 97-7803, 1997 U.S. App. LEXIS 36344, at *2 (2d Cir. Dec. 26, 1997) (holding District

Court did not abuse its discretion by permitting defendants to amend the answer on morning of

trial to assert defense that the claims were time-barred and then dismissing the Complaint as

untimely). Second, the amendments to the Answer will not significantly delay resolution of the

dispute. Rather, the amendments will streamline the issues in this action, which will likely result

in a speedier resolution. Third, the amendments will not prevent Plaintiff from bringing a timely

action in another jurisdiction, because the intentional tort claims are time-barred under New

York law, and the causes of action in negligence are preempted under New York law. Thus,

these claims would be subject to dismissal in any other jurisdiction. Finally, the amendments are based on the allegations in the Complaint and, therefore, derive from the same facts as set forth in the Complaint.

Unlike Plaintiff, Defendants will be unduly prejudiced if not granted the instant application to amend the Answer. Indeed, Defendants will be required to litigate claims that are time-barred and preempted because Plaintiff failed to properly articulate her causes of action. Specifically, in the first paragraph of the Complaint, Plaintiff states "this is an action to remedy discrimination" and then goes on to cite federal, state and local anti-discrimination statutes. However, the Fifth, Sixth and possibly Eighth Causes of Action can either be construed as mere recitals of Plaintiff's emotional damages under the anti-discrimination statutes or separate causes of action in tort for recovery.

For these reasons, the Court should grant Defendants' motion to amend the Answer to add the two aforementioned defenses.

## II.
## THE COURT SHOULD DISMISS THOSE CLAIMS THAT ARE EITHER TIME-BARRED OR WHICH FAIL TO STATE A CLAIM.

### A.    The Standard Of Review

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." In deciding a motion brought under Rule 12(c), courts should apply the same standard as that applicable to a motion under Rule 12(b)(6): "accepting the allegations contained in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party." *D'Alessio v. N.Y. Stock Exchange, Inc.*, 258 F.3d 93, 99 (2d Cir.), *cert. denied*, 534 U.S. 1066 (2001). *See also Alvarado v. Kerrigan*, 152 F. Supp. 2d 350, 354 (S.D.N.Y. 2001). However, "[w]hen examining the sufficiency of a complaint . . . conclusory

allegations merely stating the general legal conclusions necessary to prevail on the merits and which are unsupported by the facts are not taken as true." *Clapp v. Greene*, 743 F. Supp. 273, 276 (S.D.N.Y. 1990), *aff'd*, 930 F.2d 912 (2d Cir. 1991), *cert. denied*, 502 U.S. 868 (1991). Rule 12(c) also permits "partial judgment on the pleadings," as is sought herein. *See Sheppard v. Beerman*, 18 F.3d 147, 153 (2d Cir.), *cert. denied*, 513 U.S. 816 (1994); *Viacom Int'l, Inc. v. Time, Inc.*, 785 F. Supp. 371, 375 n.11 (S.D.N.Y. 1992) ("This Court notes its concurrence in the view that partial judgment on the pleadings should be available in appropriate circumstances, by analogy to the provisions of Rule 56(d) governing partial summary judgment, notwithstanding the absence of any clearly comparable provision in Rule 12(c).").

**B.    All Causes Of Action Brought Under An Intentional Tort Theory Are Time-Barred And Must Be Dismissed.**

Should the Court grant Defendants' motion to amend the Answer, the Court should then dismiss all causes of action brought pursuant to an intentional tort theory because those claims are barred by the one-year statute of limitations applicable to intentional torts under New York law. *See* CPLR § 215; *Mariani v. Consolidated Edison Co.*, 982 F. Supp. 267, 173 (S.D.N.Y. 1997). The Complaint avers that Plaintiff was terminated by Defendants on May 25, 2006 and she was arrested on August 7, 2006. Thus, for the intentional tort claims to be timely based on Defendants' actions during her employment, they had to be brought within one year of her termination, or no later than May 25, 2007. For the intentional tort claims to be timely based on Plaintiff's arrest, they had to be brought within one year of her arrest, or no later than August 7, 2007. However, Plaintiff filed the Complaint in this action on December 3, 2007, approximately seven months after the expiration of the applicable statute of limitations for any incidents based on her employment and four months after the statute of limitations expired for claims based on her arrest. Therefore, any and all intentional tort claims (part of the Fifth Cause

of Action and the Eighth Cause of Action) are time-barred and must be dismissed.

**C.    Plaintiff's Claims Under A Theory Of Negligence Are Preempted By The Exclusivity Provisions Of New York's Workers' Compensation Law.**

Should the Court grant Defendants' motion to amend the Answer to include a defense that all causes of action brought under a theory of negligence are preempted by the exclusivity provisions of the Workers' Compensation Law, the Court should then dismiss Plaintiff's causes of action in negligence. Plaintiff alleges in part of the Fifth Cause of Action that Defendants negligently caused her severe emotional distress. In the Sixth Cause of Action, Plaintiff alleges that "Defendants' negligently caused Plaintiff's above-detailed damages." Plaintiff cannot succeed on any theory of negligence based on the employment relationship because the New York Workers' Compensation Law provides the exclusive remedy for injuries resulting from negligence in the workplace. *See* N.Y. Workers' Comp. Law §§10, 11, 29; *Chrzanowski v. Lichtman*, 884 F. Supp. 751, 756 (W.D.N.Y. 1995); *O'Brien v. King World Prods., Inc.*, 669 F. Supp. 639, 641 (S.D.N.Y. 1987). Since Workers' Compensation is Plaintiff's exclusive remedy for any workplace injuries allegedly resulting from an employer's negligence, Plaintiff's negligence claims must be dismissed.

**D.    Plaintiff Fails To State A Cause Of Action Under A Negligence Theory.**

Plaintiff's Sixth Cause of Action fails to state a claim for negligence. Although all of Plaintiff's negligence claims based on the employment relationship are preempted by the New York Workers' Compensation Law as discussed in Point II(C), *supra*, Plaintiff nonetheless fails to state a cause of action in negligence, which requires that Plaintiff allege: "(1) the existence of a duty on defendant's part as to plaintiff; (2) a breach of this duty; and (3) injury to the plaintiff as a result thereof." *Silver v. Kuehbeck*, No. 05- Civ.-35, 2005 U.S. Dist. LEXIS 26956, at \*\*23-25 (S.D.N.Y. Nov. 7, 2005) (citing *Akins v. Glens Falls City Sch. Dist.*, 52

N.Y.2d 325, 333 (1981)). Plaintiff makes no such showing. Therefore, her negligence claims, although preempted by Workers' Compensation exclusivity, also must be dismissed in the alternative for failing to state a cause of action.

### E.    Plaintiff Fails To State A Claim Under Common Law Breach Of Contract.

Plaintiff's Seventh Cause of Action alleges that Defendants breached contractual obligations with Plaintiff. This cause of action must be dismissed because Plaintiff fails to plead any of the necessary predicate facts to support it.

It is axiomatic that, to establish a breach of contract, a plaintiff must allege the existence of a contract. *See Marks v. New York Univ.*, 61 F. Supp. 2d 81, 88-89 (S.D.N.Y. 1999). Furthermore, under New York law, "absent an agreement establishing a fixed duration, an employment relationship is presumed to be a hiring at will, terminable at any time by either party." *De Petris v. Union Settlement Ass'n*, 86 N.Y.2d 406, 410 (1995) (quoting *Sabetay v. Sterling Drug Inc.*, 69 N.Y.2d 329, 333 (1987)). Dismissal of an at-will employee does not give rise to a cause of action for breach of contract. *See Cucchi v. New York City Off-Track Betting Corp.*, 818 F. Supp. 647, 650 (S.D.N.Y. 1993).

Here, Plaintiff does not, and cannot, allege that she was employed pursuant to a contract of employment for a definite duration. Accordingly, Plaintiff's Seventh Cause of Action must be dismissed.

### F.    Plaintiff Fails To State A Claim Under 42 U.S.C. § 1983.

In the First and Fourth Causes of Action, Plaintiff purports to bring claims under 42 U.S.C. § 1983. However, Plaintiff does not allege, nor can she, that Defendants are state actors; therefore, her Section 1983 claims must be dismissed.[3]

---

[3] To the extent that Plaintiff alleges constitutional claims in her Eighth Cause of Action, those claims also must be dismissed for the reasons stated herein.

Section 1983 provides "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ." 42 U.S.C. § 1983.  In order to state a claim under Section 1983, a "plaintiff must allege that, (1) the conduct complained of is fairly attributable to a state actor; and (2) as a result of the defendant's conduct, the plaintiff suffered a deprivation of his rights or privileges secured by the Constitution or federal laws." *Huszar v. Zeleny*, 269 F.Supp. 2d 98, 104-105 (E.D.N.Y. 2003) (dismissing claims against defendants for, *inter alia*, failing to allege that the defendants were state actors).

Plaintiff has not alleged, nor can she, that Defendants are state actors. Accordingly, Plaintiff's causes of action under Section 1983 must be dismissed.

**G.    Plaintiff Fails To State A Claim Under 42 U.S.C. § 1985.**

1.    Plaintiff's Claims Brought Under 42 U.S.C. § 1985 Must Be Dismissed Pursuant To The Intracorporate Conspiracy Doctrine.

Plaintiff's claims brought under 42 U.S.C. § 1985 in the First and Fourth Causes of Action fail as a matter of law because those claims lack a necessary element of a conspiracy. Section 1985(3) provides that if "two or more persons in any State or Territory conspire . . . for the purposes of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws . . . the party so injured or deprived may have an action for the recovery of damages . . . against any one or more of the conspirators." 42 U.S.C. § 1985 (3).

Here, Plaintiff fails to allege the existence of a legally sufficient conspiracy because, as a matter of law, "the agents and employees of a single corporate entity, such as [SES

Operating Corporation], acting within the scope of their employment, are legally incapable of conspiring with each other for purposes of Section 1985." *Perkins v. Kamco Supply Corp.*, No. 06 Civ. 5054, 2007 U.S. Dist. LEXIS 87451, at **9-10 (S.D.N.Y. Nov. 27, 2007) (citing *Herrmann v. Moore*, 576 F.2d 453, 459 (2d Cir. 1978)). *See also Alfaro v. City of New York*, No. 03 Civ. 8206, 2007 U.S. Dist. LEXIS 6408, at *22 (S.D.N.Y. Jan. 29, 2007) ("in context of 1985 claim, where the individual defendants are all employees of the [same] institutional defendant, a claim of conspiracy will not stand."); *Hennenberger v. County of Nassau*, 465 F. Supp. 2d 176, 196 (S.D.N.Y. 2006) (dismissing Section 1985 claim and holding that "[t]he intracorporate conspiracy doctrine posits that officers, agents and employees of a single corporate or municipal entity, each acting within the scope of his employment, are legally incapable of conspiring together"); *Salgado v. City of New York*, No. 00 Civ. 3667, 2001 U.S. Dist. LEXIS 31296, at *9 (S.D.N.Y. Mar. 26, 2001) (intracorporate conspiracy doctrine barred Section 1985(3) claim when "[a]ll of the individual Defendants are officers, agents and employees of a single corporate entity"); *Sauls v. Bristol – Myers Co.*, 462 F. Supp. 887, 889 (S.D.N.Y. 1978) ("it is well settled in this Circuit and others that Section 1985 does not extend to discriminatory business decisions participated in by members of one business entity"). As a result, Plaintiff's Section 1985 claims must be dismissed. *Hennenberger*, 465 F. Supp. 2d at 196.

   2.   Plaintiff's Conclusory Allegations Are Insufficient To State A Claim Under 42
        U.S.C. § 1985.

Plaintiff's Section 1985 claims also fail because she has not articulated the grounds of a conspiracy. "A complaint cannot survive a motion to dismiss if it contains only conclusory allegations of conspiracy, but does not support those allegations with averments of underlying facts." *Stewart v. Crosswalks TV Network*, 98 CV 7316, 2002 U.S. Dist. LEXIS 2989, at **18-19 (S.D.N.Y. Feb. 21, 2002) (citations omitted). Plaintiff must support her

averment with facts "bearing out the existence of the conspiracy and indicating its broad objectives and the role each defendant allegedly played in carrying out those objectives." Id. A conspiracy claim under 42 U.S.C. § 1985(3) has four elements: (1) a conspiracy, (2) for the purpose of depriving any person or class of persons of the equal protection of the laws or of equal privileges and immunities under the laws, (3) an act in furtherance of the conspiracy, and (4) a person is injured in his person or property or deprived of a right or privilege of a citizen. See United Bhd. of Carpenters & Joiners of America, Local 610 v. Scott, 463 U.S. 825, 828-29 (1983). In addition, the conspiracy must be motivated by some class-based animus. See Griffin v. Breckenridge, 403 U.S. 88, 102 (1971).

Plaintiff does not set forth any facts supporting her theory that the Defendants engaged in a civil conspiracy to deprive her of civil rights. Therefore, all causes of action Plaintiff brought pursuant to 42 U.S.C. § 1985 must be dismissed.

3.  Plaintiff Cannot Rely On 42 U.S.C. § 1985 To Enforce The Anti-Discrimination Statutes.

Plaintiff's conspiracy claims under 42 U.S.C. § 1985(3) are also insufficient as a matter of law as this statute may not be used to enforce other statutes that independently provide for relief. Although the Complaint lacks any reference whatsoever as to what law the Defendants allegedly conspired to violate, to the extent that Plaintiff is attempting to allege that the Defendants conspired to violate any of the anti-discrimination statutes listed in the Complaint, her claims must fail. The Second Circuit has held that a plaintiff may not pursue a Section 1985(3) claim to enforce rights created by Title VII of the Civil Rights Act of 1964 ("Title VII"). In Sherlock v. Montefiore Med. Ctr., 84 F.3d 522 (2d Cir. 1996), plaintiff brought claims under Title VII, ADEA and § 1985(3). The Court of Appeals upheld the district court's dismissal of the plaintiff's Section 1985(3) claim as "that section creates no substantive rights

but merely provides a remedy for violation of the rights it designates." *Id.* at 527 (citing *Great Am. Fed. Sav. & Loan Ass'n v. Novotny*, 442 U.S. 366, 372 (1979)). "In light of the enforcement and conciliation mechanism created by Congress for claims under Title VII . . . the 'deprivation of a right created by Title VII cannot be the basis for a cause of action under 1985(3).'" *Id.* (citing *Novotny*, 442 U.S. at 378). This analysis applies with equal vigor to claims under the New York State and City Human Rights laws, since they each expressly provide a mechanism for the enforcement and conciliation of the substantive rights created. For these additional reasons, Plaintiff's Section 1985 claims must be dismissed.

      4.      Plaintiff's Claims Pursuant To 42 U.S.C. § 1985 Must Be Dismissed For Failing To Allege State Action.

      In the alternative, to the extent that Plaintiff purports to bring a cause of action under 42 U.S.C. § 1985 on the grounds that Defendants conspired to violate her equal protection rights under the 14th Amendment, such cause of action must be dismissed for failing to allege the existence of state action. *Edmond v. Hartford Ins. Co.*, No. 01-7511, 2001 WL 1486539, at *1 (2d Cir. Nov. 14, 2001) (citing *United Bhd. of Carpenters & Joiners, Local 610 v. Scott*, 463 U.S. 825, 831-32 (1983)).

**H.    Plaintiff Fails To State A Claim Under 42 U.S.C. § 1986.**

      Plaintiff's claims brought under 42 U.S.C. § 1986, as set forth in her First and Fourth Causes of Action, also must be dismissed. Section 1985 liability is a necessary predicate to a Section 1986 claim. *Brown v. City of Oneonta*, 221 F.3d 329, 341 (2d Cir. 2000); *Simpson v. Town of Southampton*, No. 06-Civ. 6743, 2007 U.S. Dist. LEXIS 43649, at **20-21 (E.D.N.Y. June 15, 2007). Having failed to properly allege a cause of action under 42 U.S.C. § 1985, Plaintiff's Section 1986 claims must be dismissed as a matter of law.

**CONCLUSION**

For all of the foregoing reasons, Defendants respectfully request that the Court grant Defendants' motion to amend the Answer to add the defenses of statute of limitations and preemption by New York's Workers' Compensation Law; award Defendants judgment on the pleadings on Plaintiff's claims brought pursuant to: (1) an intentional tort theory; (2) negligence; (3) breach of contract; (4) 42 U.S.C. § 1983; (5) 42 U.S.C. § 1985; and (6) 42 U.S.C. § 1986, which are set forth in the First, Fourth, Fifth, Sixth, Seventh and Eighth Causes of Action; and grant Defendants additional relief that this Court deems just and proper.

Date:  May 14, 2008
       Melville, New York

John T. Bauer (JB 4658)
Lisa M. Griffith (LG 1020)
LITTLER MENDELSON
  A Professional Corporation
532 Broadhollow Road
Suite 142
Melville, NY  11747
631.293.4525

Attorneys for Defendants
  SES Operating Corp., et al.

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK    )
                          ) ss:
COUNTY OF SUFFOLK    )

      LISA GRIFFITH, being duly sworn, deposes and says that she is over the age of eighteen

years and is not a party in this proceeding; that on the 14th day of May, 2008, deponent served

the within Memorandum in Support of Defendants' Motion to Amend the Answer and for Partial

Judgment on the Pleadings upon

> Richard Kubick, Esq.
> 7 East 14th Street
> New York, NY 10003

the address designated for that purpose, by depositing a true copy of the same by mail, enclosed

in a post paid properly addressed wrapper, in an official depository under the exclusive care and

custody of the United States Post Office Department within the State of New York.

                                       _____
                                         LISA GRIFFITH

Subscribed and sworn to before me
this 14th day of May, 2008.

_____
          Notary Public

      MAUREEN WILLETT
  Notary Public, State of New York
        No. 4874655
    Qualified in Nassau County
Commission Expires October 27, 20 10