**LITTLER MENDELSON**®

A PROFESSIONAL CORPORATION

ALABAMA

ARIZONA

ARKANSAS

CALIFORNIA

COLORADO

CONNECTICUT

DISTRICT OF
COLUMBIA

FLORIDA

GEORGIA

ILLINOIS

INDIANA

MASSACHUSETTS

MINNESOTA

MISSOURI

NEVADA

NEW JERSEY

NEW YORK

NORTH CAROLINA

OHIO

OREGON

PENNSYLVANIA

RHODE ISLAND

SOUTH CAROLINA

TEXAS

VIRGINIA

WASHINGTON

May 28, 2008

Lisa M. Griffith
Direct: 631-247-4709
Direct Fax: 631-293-4526
lgriffith@littler.com

The Honorable Gerard E. Lynch
United States District Judge
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 910
New York, New York 10007

Re:    **Velez v. SES Operating Corp., et al.**
       **Civil Action No.: 07 CV 10946**

Dear Judge Lynch:

We represent the Defendants, SES Operating Corporation, et al., in the above-referenced matter. We write to respectfully request that, pursuant to Federal Rule of Civil Procedure 37, Your Honor Order that: (1) Plaintiff has waived her right to object to Defendants' First Set of Interrogatories and First Request for the Production of Documents due to her failure to timely and properly respond to the request; (2) Plaintiff respond to each and every Interrogatory under oath; (3) Plaintiff respond to each and every document request, (3) Plaintiff is precluded from serving Defendants with interrogatories and document requests; (4) Plaintiff serve Defendants with Initial Disclosures that comply with the Federal Rule of Civil Procedure 26(a); (6) Defendants are entitled to reasonable expenses, including attorney's fees and costs, for having to make the instant motion; and (7) Plaintiff serve the required documentation within 10 days of the issuance of said Order.

At Plaintiff's counsel's request, we agreed on behalf of Defendants to extend the parties' time to exchange Initial Disclosures and the first request for the production of documents and interrogatories until no later than March 31, 2008.[1]  Defendants complied with this agreement by serving Plaintiff, through her counsel, with its Initial Disclosures and discovery requests on March 31, 2008.[2]  However, Plaintiff neither complied with this agreement nor contacted Defendants to request an extension to serve Plaintiff's Initial

---

[1] *See* letter to Plaintiff's counsel memorializing these conversations, a copy of which is annexed hereto as Exhibit "1." According to the Case Management Plan, which was "So Ordered" by the Court, the parties were supposed to serve their respective first request for interrogatories and document demands by no later than March 17, 2008. Initial disclosures were due within two weeks of the Fed. R. Civ. P. 26(f) conference, which was held on February 15, 2008. *See* Fed. R. Civ. P. 26(a)(1)(E).

[2] A copy of Defendants' First Request for the Production of Documents and Interrogatories are attached hereto as Exhibits "2" and "3" respectively.

The Honorable Gerard E. Lynch
May 28, 2008
Page 2

Disclosures.  On April 2, 2008, Plaintiff's counsel sent us an e-mail stating that he "knows he owes us a return call," but he was dealing with some "family member health issues," and that he would call us the next day.[3]  Plaintiff's counsel did not call us on April 3, 2008 as he stated that he would, so we sent to him an e-mail in the evening of April 3, 2008, noting that he did not call us and that we did not receive Plaintiff's Initial Disclosures or discovery requests.[4]  That night, Plaintiff's counsel responded to our e-mail, stating that he would call us the next day.[5]  Later in the day on April 4, 2008, we sent an e-mail to Plaintiff's counsel, asking whether he intended to call us that day.[6]  Plaintiff's counsel responded: "if u like, ok. I'll call in a couple minutes."[7]  Finally, Plaintiff's counsel contacted us to discuss certain issues in this case and at that time, we noted that Defendants were not served with Plaintiff's Initial Disclosures.[8]  Plaintiff's counsel then requested another extension of time to serve Initial Disclosures, until April 18, 2008, and we consented on behalf of Defendants.[9]  On April 23, 2008, having not yet received Plaintiff's Initial Disclosures, we sent Plaintiff's counsel a letter, this time requesting that he serve this office with Plaintiff's Initial Disclosures by no later than April 30, 2008 or we would have to seek the Court's intervention.[10]

Plaintiff's counsel called this office on May 2, 2008, stating that he was in receipt of our letter and requested another extension of time to serve Plaintiff's Initial Disclosures until May 9, 2008, and we reluctantly granted that request.[11]  We did not receive Plaintiff's Initial Disclosures on or before that date.  On May 13, 2008, Plaintiff's counsel sent an e-mail to me stating that "For what its worth, disclosure being typed today and I anticipate being able to send it out by end of week."[12]

We finally received Plaintiff's Initial Disclosures and Response to Defendants' First Request for the Production of Documents and Interrogatories on May 20, 2008.  We have not been served with a request for interrogatories or document demands by Plaintiff, even though the parties agreed said requests would be served by March 31, 2008.

Moreover, Plaintiff's deposition is noticed for June 17, 2008 and we are entitled to compliant responses to our discovery requests in advance of that date.

It is apparent from the exchanges between this office and Plaintiff's counsel that Plaintiff's counsel simply disregarded the case management plan and the timelines for discovery set forth in the Federal Rules.  We seek the Court's involvement at this time

---

[3] A copy of this correspondence is annexed hereto as Exhibit "4."
[4] A copy of this correspondence is annexed hereto as Exhibit "5."
[5] *Id.*
[6] A copy of this correspondence is annexed hereto as Exhibit "6."
[7] *Id.*
[8] *See* Exhibit "1."
[9] *Id.*
[10] *Id.*
[11] A copy of this correspondence is annexed hereto as Exhibit "7."
[12] A copy of this correspondence is annexed hereto as Exhibit "8."

The Honorable Gerard E. Lynch
May 28, 2008
Page 3

because Plaintiff has shown that she does not intend to comply with the federal rules or our efforts to resolve these matters without Court intervention.

## Plaintiff's Disclosures and Responses Are Untimely.

Plaintiff's Initial Disclosures and responses to Defendant's discovery demands are untimely. Initial Disclosures are supposed to be served at or within 14 days of the Rule 26(f) conference. See Fed. R. Civ. P. 26(a)(1)(E). The parties agreed to extend the time to serve Initial Disclosures until March 31, 2008. Thereafter, Plaintiff requested several extensions, and finally, without requesting an extension, he simply stated he was typing the disclosures "[f]or what its worth." This obvious disrespect of the rules is unacceptable.

Furthermore, Federal Rule of Civil Procedure 33(b)(3) states the following:

> The party upon whom Interrogatories have been served shall serve a copy of the answers, and objections if any, within 30 days after service of the interrogatories. A shorter or longer time may be directed by the Court, or in the absence of such an order, agreed to in writing by the parties subject to Rule 29.

Similarly, Federal Rule of Civil Procedure 34(b) requires that responses to document requests be served within 30 days after the service of such request, unless the Court orders a shorter or longer period of time or the parties agree in writing. Plaintiff has not sought Defendants' written consent to serve her responses to Defendants' Interrogatories and Document Requests beyond the 30 days after service as set forth in the rules.

Accordingly the Court should award Defendants the relief sought in this motion, as set forth below.

## Plaintiff's Initial Disclosures Are Deficient.

Not only are Plaintiff's Initial Disclosures untimely, they are woefully deficient as well.[13] Plaintiff's response in numbered paragraph "2," is unintelligible. In numbered paragraph 3, Plaintiff states that she has no discoverable documents other than that "previously disclosed by defendant," without identifying the documents. Plaintiff did not bother to respond to Fed. R. Civ. P. 26(a)(1)(C), in that she has not presented to Defendants a computation of her damages, thereby making it impossible for Defendants to assess this case or address the issue of mitigation with Plaintiff.

Accordingly Defendants move, pursuant to Federal Rule of Civ. Proc. 37, for an Order compelling Plaintiff to comply with Federal Rule of Civil Procedure 26(a), within 10 calendar days of the issuance of said Order, by providing the required Initial Disclosures to Defendants. Pursuant to Fed. R. Civ. P. 37(a)(4)(A), Defendants request that the Court

---

[13] A copy of Plaintiff's Initial Disclosures is attached hereto as Exhibit "9."

The Honorable Gerard E. Lynch
May 28, 2008
Page 4

award reasonable expenses, including attorneys' fees and costs, associated with the instant motion.

## Plaintiff's Response to Defendants' Interrogatories is Deficient.

Plaintiff's response to Defendant's First Set of Interrogatories is also grossly deficient.[14]   Without going through each and every response to the Interrogatories, Defendants note that in response to Interrogatory number 4, for example, Plaintiff was asked to "Identify each and every person or entity (other than Defendants) with whom you have been, or are currently, employed since March 1, 2003, including the identities of each person who supervised you, the dates of each respective period of employment, the positions(s) you held during each respective period of employment, and the total compensation you received from each employer." In response, she merely listed "The Concourse Medical Center" and its address, without providing any other information requested.

Interrogatory number 6 states "With respect to the claims for damages contained in the Complaint, state the nature and amount of damages sought. In your answer, include the complete factual basis and method of calculation for each element of damages." In response, Plaintiff objects and then states "based upon the claims alleged in plaintiff's Complaint, she is entitled to the amounts detailed therein." Defendants are entitled to a calculation of Plaintiff's damages not only in response to this interrogatory, but as required by Fed. R. Civ. P. 26(a)(1)(C).

Plaintiff's responses to Interrogatories numbered "10," "11," 12," "14," "15," "16," "17," "18," and "19" are not responsive to the interrogatories.

Even more incredulous is that Plaintiff's response to Defendants' Interrogatories is not sworn to by Plaintiff. Fed. R. Civ. P. 33 requires the following:

> Each interrogatory shall be answered separately and fully in writing under oath . . .
>
> The answers are to be signed by the person making them and the objections signed by the attorney making them.

Fed. R. Civ. P. 33 (b)(1) and (2).

Federal Rule of Civil Procedure 33(b)(5) states that the "party submitting the interrogatories may move for an order under Rule 37(a) with respect to any objection to or failure to answer an interrogatory." Accordingly, Defendants respectfully request that the Court find that Plaintiff waived her objections to Defendants' Interrogatories and order that Plaintiff respond, under oath, to each and every Interrogatory within 10 calendar days of the issuance of said Order.

---

[14] A copy of Plaintiff's Response to Defendant's First Set of Interrogatories is annexed hereto as Exhibit "10."

The Honorable Gerard E. Lynch
May 28, 2008
Page 5

## Plaintiff's Response to Defendants' Document Requests is Deficient.

Defendants' First Request for the Production of Documents includes 69 separate items, and 3 releases for information. In response, Plaintiff merely states "Plaintiff is not in possession of any of the documentation demanded therein beyond that previously disclosed by defendants."[15] Plaintiff did not serve any documents on Defendants, nor did she sign the releases that Defendants provided. Defendants object to the entirety of this response.

It is incredulous and curious that Plaintiff is not in possession of any documents that are responsive to any of the 69 categories of information requested by Defendants. For example, document request number 13 seeks all documents concerning the Complaint plaintiff made to any local, state or federal government agency concerning her employment with Defendants or the facts alleged in the Complaint. We know that Plaintiff made such a complaint because we responded to it. How is it that she has no documentation in response to this request? Similarly, document request number 15 seeks a copy of the "Right to Sue" letter, which she refers to in paragraph "6" of the Complaint. Is it possible that she does not have this document, a prerequisite to filing suit in federal court in this case? Similarly, document request number "53" seeks all documents concerning Plaintiff's financial status, including W-2 forms, 1099 forms and federal and state income tax returns for the years 2006 to the present. How can it be that Plaintiff has no documents responsive to this request when she admits that she is currently employed in response to Interrogatory number 4?

These few examples show that Plaintiff was not forthright in her response to Defendants' Document Request and clearly not in compliance with Federal Rule of Civil Procedure 34(b), which provides the following:

> The response shall state, *with respect to each item or category,* that inspection and related activities will be permitted as requested, unless the request is objected to.

Plaintiff also has not responded to each item or category. If Plaintiff is in possession with whatever documents she claims that Defendants have produced to her, she is required to, at the least, identify each document and state to which request the document is supposedly responsive. Moreover, Plaintiff, having not objected to Defendants' document demands has waived any such objection at this time.

Similar to Rule 33, a party submitting the document request may move for an Order pursuant to Rule 37(a) with respect to "every objection to or failure to respond to the request or any part thereof, or any failure to permit the inspection as requested." Defendants accordingly object to the entirety of Plaintiff's response to Defendants' First Request for the Production of Documents, as it is non-responsive and requests that the Court find that Plaintiff has waived her objections to each and every one of the requests set forth in said document demand, Order Plaintiff to comply with the Federal Rules by providing responses

---

[15] A copy of Plaintiff's Response to Defendants' First Request for the Production of Documents is annexed hereto as Exhibit "11."

The Honorable Gerard E. Lynch
May 28, 2008
Page 6

to each and every item and by completing and signing each of the releases requested. Defendants also request an award of reasonable expenses, including attorneys' fees and costs for having to make this motion.

**Conclusion**.

Accordingly, Defendants respectfully request, pursuant to Federal Rule of Civil Procedure 37, that Your Honor Order that: (1) Plaintiff has waived her right to object to Defendants' First Set of Interrogatories and First Request for the Production of Documents due to her failure to timely and properly respond to the request; (2) Plaintiff respond to each and every Interrogatory under oath; (3) Plaintiff respond to each and every document request, (3) Plaintiff is precluded from serving Defendants with interrogatories and document requests; (4) Plaintiff serve Defendants with Initial Disclosures that comply with the Federal Rule of Civil Procedure 26(a); (6) Defendants are entitled to reasonable expenses, including attorney's fees and costs, for having to make the instant motion; and (7) Plaintiff serve the required documentation within 10 days of the issuance of said Order.

Thank you for your consideration of this request. If the Court prefers to hold an informal conference prior to deciding the instant motion, please contact us with a date and time for such conference that is convenient for the Court.

I hereby certify that the above facts are true as stated therein.

Respectfully submitted,

LITTLER MENDELSON, P.C.

Lisa M. Griffith (LG 1020)

cc:     Richard Kubick, Esq.
        7 East 14th Street
        New York, New York 10003
        212.684.7541

EXHIBIT 1



LITTLER MENDELSON®

A PROFESSIONAL CORPORATION

Lisa M. Griffith
Direct: 631-247-4709
Direct Fax: 631-293-4526
lgriffith@littler.com

April 23, 2008

**VIA MAIL AND FACSIMILE 212.243.2926**

Richard Kubick
7 East 14th Street
New York, New York 10003

Re:  **Velez v. SES Operating Corp., et al.**
     **Civil Action No.: 07 CV 10946**

Dear Mr. Kubick:

We write to request that you serve this office with Plaintiff's Fed. R. Civ. P. Rule 26(a)(1) initial disclosures on or before April 30, 2008. If you fail to comply with this request, we will seek relief from the Court.

Initial Disclosures were supposed to be exchanged within two weeks after the initial conference, which was held on February 15, 2008. We attempted to contact you several times to discuss, among other things, a date by which the parties would exchange initial disclosures and left voice mail messages for you on February 29, March 4, March 6, and March 11, 2008. On March 14, 2008, we contacted you again and during our conversation you requested an extension of time to serve Plaintiff's initial disclosures. We agreed that the parties' would exchange initial disclosures no later than March 31, 2008. We complied with this agreement by serving you with our initial disclosures on March 31, 2008. However, you neither complied with this agreement nor contacted us to request another extension of time to serve Plaintiff's initial disclosures.

On April 4, 2008, we again contacted you to discuss, among other things, that we were not served with Plaintiff's initial disclosures. You then requested another extension of time to serve Plaintiff's initial disclosures, until April 18, 2008, and we consented to your request. However, to date, we have neither been served with Plaintiff's initial disclosures, nor have you requested another extension of time to serve initial disclosures.

ALABAMA
ARIZONA
ARKANSAS
CALIFORNIA
COLORADO
CONNECTICUT
DISTRICT OF COLUMBIA
FLORIDA
GEORGIA
ILLINOIS
INDIANA
MASSACHUSETTS
MINNESOTA
MISSOURI
NEVADA
NEW JERSEY
NEW YORK
NORTH CAROLINA
OHIO
OREGON
PENNSYLVANIA
RHODE ISLAND
SOUTH CAROLINA
TEXAS
VIRGINIA
WASHINGTON

Richard Kubick
April 23, 2008
Page 2

As set forth in detail above, we have been patient with you on this matter, but you still have not complied with the federal rule requiring that you serve Defendants with Plaintiff's initial disclosures. Accordingly, if you do not serve this office with Plaintiff's initial disclosures on or before April 30, 2008, we will have no choice but to seek relief from the Court.

Sincerely,

LITTLER MENDELSON, P.C.

Lisa M. Griffith

LITTLER MENDELSON
A Professional Corporation
Attorneys for defendants
    SES Operating Corp., Harlem East Life Plan, and Harlem East
    Life Plan-SES Corp.
532 Broadhollow Road
Suite 142
Melville, NY 11747
631.293.4525


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

LYDIA VELEZ,                                    Civil Action No. 07-CV-10946 (GEL)

                        Plaintiff,         **DEFENDANTS' FIRST REQUEST FOR**
                                           **THE PRODUCTION OF DOCUMENTS**

            -against-

SES OPERATING CORP., HARLEM EAST LIFE
PLAN, AND HARLEM EAST LIFE PLAN-SES
CORP.,

                        Defendants.
_____


TO:    Richard Kubick
       7 East 14th Street
       New York, New York 10003
       (212) 684-7541


        PLEASE TAKE NOTICE that defendants SES Operating Corp., Harlem East Life

Plan and Harlem East Life Plan-SES Corp. (hereinafter collectively referred to as "defendants"),

pursuant to Rule 34 of the Federal Rules of Civil Procedure and Rules 26.2 and 26.3 of the Local

Civil Rules of the United States District Courts for the Southern and Eastern Districts of New

York, by and through their counsel of record, Littler Mendelson, P.C., hereby request that

plaintiff Lydia Velez ("plaintiff") produce for inspection and copying the documents, as herein

defined, designated below within thirty (30) days of service hereof at the offices of Littler

Mendelson, P.C., 532 Broadhollow Road, Suite 142, Melville, New York 11747.  In lieu of the

production of documents by appearance as specified in the foregoing sentence, you may comply with this First Request for Production of Documents ("Request") by forwarding true, legible copies of the documents designated below to the aforementioned location so that they arrive within thirty (30) days of service of this request.

PLEASE TAKE FURTHER NOTICE that defendants reserve the right to serve additional Requests for Production of Documents.

In responding to this Request, the following definitions and instructions shall apply.

## DEFINITIONS

A.    "Address" shall mean the present or last known street name and number, city or town, state, zip code, and telephone number of the person or entity in question.

B.    "Affiliation and title" shall mean the employer's name, the employer's address, and the job title or job description of the person or persons referred to in the response to the Request.

C.    "Complaint" shall mean the Complaint filed in this action dated December 3, 2007.

D.    "Communication" shall mean the transmittal of information (in the form of facts, ideas, inquiries or otherwise.)

E.    "Concerned" or "concerning" shall mean relating to, referring to, describing, evidencing or constituting.

F.    "Defendants," unless otherwise noted, shall mean any individual defendant or combination of defendants named in the caption of the Complaint, including SES Operating Corp., Harlem East Life Plan and Harlem East Life Plan-SES Corp., and shall include the following: any predecessor or successor corporations; any current or former agents,

- 2 -

representatives or employees of any of the defendants or of said predecessors, any parent,

subsidiary, or affiliated corporations (whether wholly or partially owned); and any of the agents,

representatives or employees of such parent, subsidiary or affiliated corporations.

G.    "Document" or "Documents" shall mean all writings and materials of

every kind on the subject matter of the Request, whether originated or received by the plaintiff,

and whether intra-corporate or otherwise, and shall be deemed to refer to, but not limited to, any

paper, letter, diary, check, agreement, contract, financial record, tape, disc, film, transcript,

excerpt, correspondence, email, record, report, photograph, memorandum, note, receipt, log, fax,

file, form, tabulation, computer or other business machine input or output and any other writing

or record of data or information, regardless of the manner in which produced or recorded, whether

handwritten, typed, printed or produced by any other process. This term shall also include all

mechanical, magnetic and electronic sound records or transcripts thereof, microfilm, microfiche,

or other reproductions, and any data, information or statistics contained within any storage

modules, tapes, discs, or other memory devices or information retrieval storage systems

(including computer-generated reports or printouts). With respect to receipt of such documents,

all sources are intended to be encompassed, including but not limited to the parties to this action

and any other person, firm, corporation or legal entity. It shall also mean all drafts and copies of

documents, whether identical or not, by whatever means made.

H.    "Health care provider" shall mean any physician, nurse, psychiatrist,

psychologist, social worker, therapist, counselor, hospital, medical clinic or other provider of any

form of mental or physical health care.

I.    "Identify" shall mean, when used in reference to:

i.    a natural person, his or her:

(a)    full name;

- 3 -

(b)     present or last known residence address (including the street name and number, city or town, state, zip code, and telephone number);

(c)     present or last known business address (including the street name and number, city or town, state, zip code, and telephone number); and

(d)     present or last known occupation, position, business affiliation, and job description.

ii.     a company, corporation, association, partnership, or legal entity other than a natural person:

(a)     its full name;

(b)     a description of the type of organization or entity;

(c)     the full address of its principal place of business;

(d)     its mailing address;

(e)     its state of incorporation or organization; and

(f)     the date of its incorporation or organization.

iii.    a document:

(a)     its description (e.g. letter, email, memorandum, report);

(b)     its title;

(c)     its date;

(d)     the number of pages thereof;

(e)     its subject matter;

(f)     the identity of its author, signatory or signatories, and any person who participated in its preparation;

(g)    the identity of its addressee or recipient;

(h)    the identity of each person to whom copies were sent and each person by whom copies were received;

(i)    its present location; and

(j)    the identity of its present custodian (if any such document was, but is no longer, in the possession of or subject to the control of plaintiff, state what disposition was made of it and when).

iv.    an oral communication or statement:

(a)    the date and time it occurred;

(b)    the place it occurred;

(c)    the complete substance of the communication;

(d)    the identity of each person:

    1).    to whom such communication was made;

    2).    by whom such communication was made;

    3).    who was present when such communication was made;

(e)    if by telephone:

    1).    the identity of each person who made each call;

    2).    the identity of each person who participated in each call;

(f)     the identity of all documents memorializing, referring to or

relating in any way to the subject of the communication.

J.     "Person" and "persons" shall each mean any natural person or any

business, legal or governmental entity or association.

K.     "Plaintiff," "you" and "your" shall all mean the plaintiff named in the

caption of the Complaint, Lydia Velez, and shall be deemed to include her former and current

agents, representatives and attorneys.

L.     "All" and "each" shall be construed as all and each.

M.     "And" and "or" shall be construed either disjunctively or conjunctively as

necessary to bring within the scope of the discovery request all responses that might otherwise be

construed to be outside of its scope.

N.     Use of the singular tense shall be deemed to include the plural and vice

versa, and use of the masculine pronoun shall be deemed to include both genders.


## INSTRUCTIONS

A.     In producing these documents, you are required to identify and produce all

documents subject to your control, including but not limited to, all documents that are possessed

directly by you, your agents, employees, representatives, or investigators, or possessed by your

attorneys, their agents, employees, representatives or investigators.

B.     This Request for Production of Documents is continuing in nature and any

documents obtained or located subsequent to production that are responsive to this Request are to

be produced forthwith.

C.     If plaintiff claims or believes that any document that defendants have

requested plaintiff to produce, identify or describe is covered by a privilege or falls within a

- 6 -

privilege, plaintiff shall (1) identify the nature of the privilege that is being claimed and (2)

provide the following information in the response, unless divulgence of such information would

cause disclosure of the allegedly privileged information:

      i.     the type of document;

      ii.    the general subject matter of the document;

      iii.   the date of the document; and

      iv.   such other information as is sufficient to identify the document for a

subpoena duces tecum, including, where appropriate, the author of

the document, the addressees of the document, and any other

recipients shown in the document, and, where not apparent, the

relationship of the author, addressees, and recipients to each other.

      D.    If any portion of a document produced in response to this Request is

deleted or redacted, state:

      i.     the reason for the deletion;

      ii.    the subject matter of the deletion; and

      iii.   if the deletion is based on a claim of privilege, state the privilege

being asserted and the facts allegedly giving rise to the claim of privilege.

      E.    If you are unable to produce any document(s) requested below because it is

not within your possession, custody or control, or for any other reason, identify each such

document, and state the name, address, occupation, affiliation, and title of any and all persons

and/or entities with possession, custody or control of each such document.

      F.    Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, the

documents produced should be organized and labeled to correspond with the request to which

they are responsive, and electronically stored information should be produced in the form or forms in which it is ordinarily maintained.

## DOCUMENT REQUESTS

1.    All documents concerning plaintiff's application for employment with defendants, including but not limited to plaintiff's employment application, resume, and any other correspondence and/or materials submitted or received by plaintiff during the application and interviewing process.

2.    All documents concerning the terms and conditions of plaintiff's employment with defendants, including but not limited to, offer letters of employment and related correspondence, employment contracts and related agreements, job descriptions and work schedules.

3.    All documents concerning defendants' employment policies or procedures applicable to plaintiff's employment, including but not limited to, any employee handbooks, employment manuals, and personnel and/or human resource policies and procedures.

4.    All documents concerning plaintiff's job performance during her employment with defendants, including but not limited to, any formal or informal job performance evaluations, complaints, commendations, reprimands, counseling, warnings and/or disciplinary actions.

5.    All documents concerning plaintiff's requests for changes in job position, job title, work location, schedules, and/or transfers in connection with her employment with defendants.

6.    All documents concerning plaintiff's job duties, obligations, responsibilities and/or requirements in connection with her employment with defendants.

7.    All documents concerning plaintiff's profession, experience, education, achievements, ability, or qualifications to perform each and every position plaintiff held or sought to hold with defendants, including but not limited to, resumes, recommendations, degrees, diplomas, certificates, transcripts, awards  and evaluations.

- 3 -

8. All documents concerning the termination of plaintiff's employment with defendants.

9. All documents that plaintiff removed or copied from defendants' property, including but not limited to, any electronic files plaintiff copied, took or downloaded from defendants' property (including from any computers plaintiff may have used during her employment with defendants).

10. All documents concerning any communications, including but not limited to, notes, letters, emails, memoranda, and audio or video recordings between plaintiff and any other person concerning plaintiff's employment with defendants and/or the facts alleged in the Complaint.

11. All documents concerning any complaints made by plaintiff, or on plaintiff's behalf, concerning any of the facts alleged in the Complaint to any person currently or formerly employed by defendants.

12. All documents concerning any complaints made by plaintiff, or on plaintiff's behalf, concerning any of the facts alleged in the Complaint to any local, state or federal government agents, entities, bodies, agencies or commissions, including but not limited to, the United States Equal Employment Opportunity Commission, the New York State Division of Human Rights and/or the New York City Commission on Human Rights.

13. All documents sent to or received from any local, state or federal government agents, entities, bodies, agencies or commissions, including but not limited to, the United States Equal Employment Opportunity Commission, the New York State Division of Human Rights and/or the New York City Commission on Human Rights, which concern plaintiff's employment with defendants or any of the facts alleged in the Complaint.

14.    All documents concerning the allegations that "[a] charge was timely filed with the Equal Opportunity Commission on February 7, 2007 alleging that the defendants engaged in a series of discrimination based upon plaintiff's ethnic background, race and national origin, and retaliated against her as a result of her complaints of said discriminatory and improper treatment as well as her ethnic background, race and national origin" as set forth in paragraph "5" of the Complaint.

15.    A copy of the Right to Sue letter issued by the EEOC on or about November 7, 2007, as alleged in paragraph "6" of the Complaint.

16.    All documents concerning the allegations that "[o]n or about March 1, 2006, plaintiff was hired by the defendants for the position of substance abuse counselor, at their 2369 2nd Avenue, NY, NY facility," as set forth in paragraph "10" of the Complaint.

17.    All documents concerning the allegations that "following her hiring by the defendants, supervisors thereof, including Sheryl Hunt and Marjorie Thadal discriminated against plaintiff, including based upon her ethnic background, race and national origin, including in treating her differently and less favorably because of her ethnic background, race and national origin, including in her employment, employment treatment, employment evaluation, and employment compensation, employment assignments, causing her economic, physical and emotional damages set forth in paragraph "11" of the Complaint.

18.    All documents concerning the allegations that "following the commencement of the conduct detailed above, plaintiff made numerous complaints to the defendants, their agents, servants and/or employees," as set forth in paragraph "12" of the Complaint.

19.    All documents concerning the allegations "[t]hat despite said complaints, and the conduct detailed herein, the defendants refused to terminate the course of conduct of said individuals, thereby condoning such illegal acts and transforming the acceptance of the conduct

into a condition of plaintiff's continued employment" as set forth in paragraph "13" of the Complaint.

20.    All documents concerning the allegations "[t]hat said discriminatory conduct was repeated and designed to cause plaintiff to submit to same, thereby rendering plaintiff's submission thereto a term or condition of her employment" as set forth in paragraph "14" of the Complaint.

21.    All documents concerning the allegations contained in paragraph "15" of the Complaint, including:

    (a)    All documents concerning the allegations contained therein that "the conduct of said individuals and the defendants constituting discrimination was further ratified and condoned by the defendants in that said individuals did undertake said discrimination towards other employees of the defendants";

    (b)    All documents concerning the allegations contained therein that ". . . their acts were in fact known and/or should have been known by the defendants, their agents, servants and/or employees";

    (c)    All documents concerning the allegations contained therein that "defendants failed and refused to terminate same, thereby rendering it a policy of the defendant that submission to discrimination was a condition of their employment."

22.    All documents concerning the allegations contained in paragraph "16" of the Complaint, including:

    (a)    All documents concerning the allegations contained therein that "plaintiff was damaged by the defendants' conduct";

    (b)    All documents concerning the allegations contained therein that defendants "constructively terminated" plaintiff's employment;

(c)    All documents concerning the allegations contained therein that plaintiff "suffered lost wages, commissions, job status, both past and present, earning, retirement and benefits potential";

(d)    All documents concerning the allegations contained therein that plaintiff suffered "emotional distress manifesting itself in physical injury";

(e)    All documents concerning the allegations contained therein that plaintiff is entitled to "compensatory and punitive damages";

(f)    All documents concerning the allegations contained therein that "Defendants, their agents, employees and representatives, wrongfully caused plaintiff to be arrested on or about August 7, 2006, the charges of which were ultimately dismissed. Same was further wrongful, retaliatory and discriminatory conduct toward plaintiff"; and

(g)    All documents concerning the allegations contained therein that "[a]ll of the foregoing caused her physical, emotional psychological and financial damages."

23.    All documents concerning, or providing substantiation for, plaintiff's allegations contained in paragraph "18" of the Complaint that "defendants' conduct and the conduct of its managerial employees constitutes unlawful discrimination on the basis of ethnicity, race and national origin in violation of Title VII of the Civil Rights Act of 1964."

24.    All documents concerning, or providing substantiation for, plaintiff's allegations contained in paragraph "18" of the Complaint that "defendants' conduct and the conduct of its managerial employees constitutes unlawful discrimination on the basis of ethnicity, race and national origin in violation of . . . Section[] 1981 . . . of Title 42 of the U.S. Code."

25.    All documents concerning, or providing substantiation for, plaintiff's allegations contained in paragraph "18" of the Complaint that "defendants' conduct and the conduct of its

managerial employees constitutes unlawful discrimination on the basis of ethnicity, race and national origin in violation of . . . Section[] 1983 . . . of Title 42 of the U.S. Code."

26.    All documents concerning, or providing substantiation for, plaintiff's allegations contained in paragraph "18" of the Complaint that "defendants' conduct and the conduct of its managerial employees constitutes unlawful discrimination on the basis of ethnicity, race and national origin in violation of . . . Section[] 1985 . . . of Title 42 of the U.S. Code."

27.    All documents concerning, or providing substantiation for, plaintiff's allegations contained in paragraph "18" of the Complaint that "defendants' conduct and the conduct of its managerial employees constitutes unlawful discrimination on the basis of ethnicity, race and national origin in violation of . . . Section[] 1986 . . . of Title 42 of the U.S. Code."

28.    All documents concerning, or providing substantiation for, plaintiff's allegations contained in paragraphs "20" of the Complaint that "defendants' conduct and the conduct of its managerial employees constitutes unlawful discrimination in violation of NY Exec. L. Sections 290 et seq., 296."

29.    All documents concerning, or providing substantiation for, plaintiff's allegations contained in paragraphs "20" of the Complaint that "defendants' conduct and the conduct of its managerial employees constitutes unlawful discrimination in violation of . . . NY Labor Law 20–C."

30.    All documents concerning, or providing substantiation for, plaintiff's allegations contained in paragraphs "20" of the Complaint that "defendants' conduct and the conduct of its managerial employees constitutes unlawful discrimination in violation of NY Workers Comp. Law 120."

31.    All documents concerning, or providing substantiation for, plaintiff's allegations contained in paragraphs "22" of the Complaint that "defendants' conduct and the conduct of its

managerial employees, constitutes unlawful discrimination in violation of NYC Admin. Code Section 8-107 et seq."

32.    All documents concerning, or providing substantiation for, plaintiff's allegations contained in paragraph "24" of the Complaint that "defendants' conduct and the conduct of its managerial employees constitutes unlawful discrimination in violation of the Civil Rights Act of 1966, 42 U.S.C. Section 1981, 1983, 1985, 1986, 2000 et seq. and has injured plaintiff."

33.    All documents concerning, or providing substantiation for, plaintiff's allegations contained in paragraph "26" of the Complaint that "defendants' above-noted conduct was extreme and outrageous, intended to cause, disregarded a substantial probability of causing, and negligently caused, severe emotional distress, and did so, cause injury and severe emotional distress."

34.    All documents concerning, or providing substantiation for, plaintiff's allegations contained in paragraph "28" of the Complaint that "the defendants' negligently caused plaintiff's above-detailed damages."

35.    All documents concerning, or providing substantiation for, plaintiff's allegations contained in paragraph "30" of the Complaint that "defendants breached contractual obligations with plaintiff, and discriminated against same" including all documents supporting the allegation that defendants and plaintiff were parties to a contract.

36.    All documents concerning, or providing substantiation for, plaintiff's allegations contained in paragraph "32" of the Complaint that "defendants causing of the plaintiff's unlawful arrest, incarceration and submission to prosecution proceedings, violating her federal, state and civil rights herein, including those referenced herein, and causing her physical, emotional and financial damage (sic)," including all documents concerning plaintiff's arrest, incarceration and submission to prosecution proceedings as referred to therein.

37.     All documents concerning, or providing substantiation for, plaintiff's allegations that plaintiff is entitled to declaratory relief as alleged in Paragraph "A" of the Wherefore Clause of the Complaint.

38.     All documents concerning, or providing substantiation for, plaintiff's allegations that plaintiff is entitled to compensatory and punitive damages in the amount of at least "Five Million Dollars" on each cause of action, as alleged in Paragraphs "B" through "I" of the Wherefore Clause and paragraphs "2," "11," "16," and "32," of the Complaint, including but not limited to bills (whether paid or unpaid), work sheets, correspondence, notes, memoranda, reports, records or statements from physicians, chiropractors, psychiatrists or other health care providers.

39.     All documents concerning, or providing substantiation for, any other damages claimed by plaintiff as a result of the alleged discriminatory actions and/or conduct of defendants, their officers, directors, employees, agents or other representatives.

40.     All documents concerning plaintiff's efforts during her employment with defendants to secure other employment, including self-employment. (This includes, but is not limited to, documents concerning any contact with any employer, potential employer, partner, potential partner, employment agency, search or outplacement firm or individual, such as letters of inquiry, follow-up letters, advertisements, applications, resumes, cover letters, letters of reference, notes of interviews, appointment books, offer letters, rejection letters, and diary or calendar entries.)

41.     All documents concerning any other employment held by plaintiff during her employment with defendants, including but not limited to, documents relating to job title, job status, rates of pay, bonuses, pay stubs and vouchers, employee handbooks and benefit statements, insurance payments, health or welfare benefits, stock options or distributions or other

benefits to be paid or provided to plaintiff (regardless whether those benefits were actually obtained), counseling, warnings, reprimands and disciplinary actions, terminations and resignations.

42.    All documents concerning plaintiff's efforts to secure employment subsequent to her employment with defendants, including self-employment. (This includes, but is not limited to, documents concerning any contact with any employer, potential employer, partner, potential partner, employment agency, search or outplacement firm or individual, such as letters of inquiry, follow-up letters, advertisements, applications, resumes, cover letters, letters of reference, notes of interviews, appointment books, offer letters, rejection letters, and diary or calendar entries.)

43.    All documents concerning any employment held by plaintiff subsequent to her employment with defendants, including but not limited to, documents relating to job title, job status, rates of pay, bonuses, pay stubs and vouchers, employee handbooks and benefit statements, insurance payments, health or welfare benefits, stock options or distributions or other benefits to be paid or provided to plaintiff (regardless whether those benefits were actually obtained), counseling, warnings, reprimands and disciplinary actions, terminations and resignations.

44.    All documents concerning any injuries, illnesses, disabilities or conditions (mental or physical) from which plaintiff allegedly suffered at any time from on or about March 1, 2003 to the present, including but not limited to bills (whether paid or unpaid), work sheets, correspondence, notes, memoranda, reports, records or statements from physicians, chiropractors, psychiatrists or other health care providers.

45.    All documents concerning any medications taken by or prescribed to plaintiff from March 1, 2003 to the present.

46.    All documents concerning plaintiff's ability or inability to work, including but not limited to all correspondence, letters, notes, memoranda, and medical and psychiatric records (including doctor's notes) from March 1, 2003 to the present.

47.    All documents concerning plaintiff's availability for work and/or whereabouts from May 25, 2006 to the present, including but not limited to diaries, calendars, letters, emails schedules and memoranda.

48.    All documents concerning any application, request, or claim by plaintiff for, or receipt of, denial of, or appeal of denial of, disability benefits from May 25, 2006 to the present.

49.    All documents concerning any application, request, or claim by plaintiff for, or receipt of, denial of, or appeal of denial of, unemployment insurance benefits from May 25, 2006 to the present.

50.    All documents concerning any application, request, or claim by plaintiff for, or receipt of, denial of, or appeal of denial of, workers' compensation benefits from May 25, 2006 to the present.

51.    All documents concerning any application, request, or claim by plaintiff for, or receipt of, denial of, or appeal of denial of, social security benefits from May 25, 2006 to the present.

52.    All documents that reflect any earnings by plaintiff and/or any monetary or other assistance received by plaintiff subsequent to her employment with defendant, including but not limited to, assistance from disability benefits, unemployment insurance benefits, workers' compensation benefits, and/or social security benefits.

53.    All documents concerning plaintiff's financial status, including, but not limited to, W-2 forms, 1099 forms and federal and state income tax returns filed by plaintiff individually or jointly for the years 2006 to present.

54.    All documents concerning any statistical evidence compiled by plaintiff that refer or relate to this lawsuit.

55.    All calendars, diaries, journals or notes of events maintained by plaintiff from March 1, 2006 to the present.

56.    All documents concerning any reports provided to plaintiff by each expert retained for purposes of this litigation, including but not limited to the reports themselves.

57.    All statements (including notes and drafts) obtained by plaintiff or by anyone on her behalf that concern the allegations in the Complaint.

58.    All documents sent to and from plaintiff's private email accounts concerning the subject matter of the Complaint, plaintiff's employment with defendants, or plaintiff's subsequent termination from employment with defendants.

59.    All documents that plaintiff identified, referred to, or relied upon in any disclosures made pursuant to Rule 26 of the Federal Rules of Civil Procedure, including but not limited to, any documents or evidentiary materials on which any of plaintiff's damage computations are based.

60.    All documents that are within plaintiff's custody, possession or control and upon which plaintiff intends to rely in whole or in part, directly or indirectly, in connection with any claim or defense related to this action.

61.    All documents that plaintiff intends to introduce as an exhibit or which plaintiff may refer to at the trial in this matter or during depositions in this matter.

62.    All documents relied upon in drafting the Complaint.

63.    All documents concerning any lawsuits to which plaintiff has been a party, including but not limited to, copies of all complaints, pleadings, motions and court decisions in such lawsuits.

64.    All documents identified in plaintiff's responses to defendants' First Set of Interrogatories.

65.    All documents that plaintiff referred to or relied upon in formulating her responses to defendants' First Set of Interrogatories.

66.    Completed authorizations in the form attached hereto as Exhibit A for the release of medical records from each and every physical and/or mental health care provider for whom plaintiff has sought or obtained treatment since March 1, 2003.

67.    Completed authorizations in the form attached hereto as Exhibit B for the release of employment records from each and every person or entity with which plaintiff has been employed since March 1, 2003.

68.    Completed authorizations in the form attached hereto as Exhibit C for the release of educational records from each and every educational institution with which plaintiff has been enrolled since March 1, 2003.

69.    To the extent not produced in response to the above requests, all documents concerning or relating in any way to the allegations contained in the Complaint and plaintiff's EEOC charge of discrimination.

Date:    March 31, 2008
         Melville, New York

Lisa M. Griffith
LITTLER MENDELSON
 A Professional Corporation
532 Broadhollow Road
Suite 142
Melville, NY  11747
631.293.4525

Attorneys for defendants
 SES Operating Corp., Harlem East Life Plan,
 and Harlem East Life Plan-SES Corp.

**AFFIDAVIT OF SERVICE BY MAIL**

STATE OF NEW YORK     )
                             ) ss:
COUNTY OF SUFFOLK     )

      LISA GRIFFITH, being duly sworn, deposes and says that she is over the age of eighteen

years and is not a party in this proceeding; that on the 31st day of March, 2008, deponent served

the within Defendants' First Request for the Production of Documents upon

                 Richard Kubick
                 7 East 14th Street
                 New York, NY 10003

the address designated for that purpose, by depositing a true copy of the same by mail, enclosed

in a post paid properly addressed wrapper, in an official depository under the exclusive care and

custody of the United States Post Office Department within the State of New York.

                                             _____
                                             LISA GRIFFITH

Subscribed and sworn to before me
this 31st day of March, 2008.

_____
       Notary Public

       MAUREEN WILLETT
    Notary Public, State of New York
          No. 4874655
      Qualified in Nassau County
Commission Expires October 27, 20 10

Exhibit A

## AUTHORIZATION FOR RELEASE OF MEDICAL RECORDS

1.    **Authorization**: I, Lydia Velez, hereby authorize and direct you,

_____,
[INSERT NAME AND ADDRESS OF HEALTH CARE PROVIDER]

to disclose to the law firm of Littler Mendelson, P.C., c/o Lisa M. Griffith, Esq. and/or John T. Bauer, Esq., 532 Broadhollow Road, Suite 142, Melville, New York 11747, the following medical records and/or protected health information ("PHI"):

A true and legible copy of each and every medical and treatment record in your possession or under your control, including, but not limited to, reports, progress and other notes, charts, x-rays, diagnostic, prognostic and other test results, visitation records and bills for services rendered that in any way concern or pertain to me.

The term "medical records" includes but is not limited to, any and all psychiatric communications and records and/or medical information and records in your possession relating to the diagnosis or treatment of mental illness or drug or alcohol abuse.

2.    **Purpose Of Disclosure**: To evaluate alleged claims and damages claimed in my civil lawsuit.

3.    **Revocation Rights**: I understand that I have the right to revoke this Authorization at any time by sending a written notice of revocation to the health care provider identified in Paragraph 1, above. I understand that the revocation will become effective upon receipt. I understand that any PHI disclosed pursuant to this Authorization before the effective date of a revocation will not be subject to the revocation.

4.    **Nondisclosure**: I understand that once the health care provider identified in Paragraph 1, above, discloses PHI pursuant to this Authorization, Littler Mendelson will use the PHI in the course of this litigation. Littler Mendelson will not disclose the PHI to those not affiliated with Littler Mendelson nor with anyone else not affiliated with the pending litigation.

5.    **Expiration Date**: I understand that this Authorization will expire upon the termination of the litigation for which the PHI is being disclosed.

6.    I understand that neither treatment, payment, enrollment, nor eligibility for benefits will be conditioned on my signing this Authorization. I also understand that I am entitled to receive a copy of this Authorization.


_____        Date:_____
Lydia Velez

Sworn to before me this

____ day of _____, 2008


_____
Notary Public

Exhibit B

## AUTHORIZATION FOR RELEASE OF EMPLOYMENT RECORDS

To:    [INSERT PREVIOUS EMPLOYER]


I, Lydia Velez, Social Security No. _____, hereby authorize and direct you to provide to the law firm of Littler Mendelson, P.C., c/o Lisa M. Griffith, Esq. and/or John T. Bauer, Esq., 532 Broadhollow Road, Suite 142, Melville, New York 11747, copies of any and all records applicable to my employment including, but not limited to, my resume(s), cover letter(s), employment application(s), personnel and supervisor's desk files, job description(s), performance evaluation(s) or review(s), disciplinary memoranda, termination notice(s) and/or resignation letter(s), and any such documents concerning my earnings or income during the course of my employment (such as payroll records and tax report forms).


_____          Date:_____

Lydia Velez


Sworn to before me this


___ day of _____, 2008


_____

Notary Public

Exhibit C

## AUTHORIZATION FOR RELEASE OF EDUCATIONAL RECORDS

To:     [INSERT EDUCATIONAL INSTITUTIONS ATTENDED]


      I, Lydia Velez, Social Security No. _____, hereby authorize and direct you to provide to the law firm of Littler Mendelson, P.C., c/o Lisa M. Griffith, Esq. and/or John T. Bauer, Esq., 532 Broadhollow Road, Suite 142, Melville, New York 11747, copies of any and all educational records relating to my enrollment at _____, including but not limited to, applications for admission, transcripts, grades, attendance data, class schedules, tuition bills (whether paid or unpaid), tuition payments, health records, degrees received, awards received, disciplinary history and any other documents possessed by _____ so that such information may be utilized, if appropriate, in the action entitled *Lydia Velez v. SES Operating Corp., et al, 07-CV-10946*, pending in the United States District Court for the Southern District of New York.


_____          Date:_____

Lydia Velez


Sworn to before me this

___ day of _____, 2008


_____

Notary Public

LITTLER MENDELSON
A Professional Corporation
Attorneys for defendants
     SES Operating Corp., Harlem East Life Plan, and Harlem East
     Life Plan-SES Corp.
532 Broadhollow Road
Suite 142
Melville, NY  11747
631.293.4525


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

LYDIA VELEZ,                                                  Civil Action No. 07-CV-10946 (GEL)

                              Plaintiff,                      **DEFENDANTS' FIRST REQUEST FOR
                                                             INTERROGATORIES**

            -against-

SES OPERATING CORP., HARLEM EAST LIFE
PLAN, AND HARLEM EAST LIFE PLAN-SES
CORP.,

                              Defendants.
_____


TO:    Richard Kubick
       7 East 14th Street
       New York, New York 10003
       (212) 684-7541


            PLEASE TAKE NOTICE that defendants SES Operating Corp., Harlem East Life

Plan and Harlem East Life Plan-SES Corp. (hereinafter collectively referred to as "defendants"),

pursuant to Rule 33 of the Federal Rules of Civil Procedure and Rules 26.2 and 26.3 of the Local

Civil Rules of the United States District Courts for the Southern and Eastern Districts of New

York, by and through their counsel of record, Littler Mendelson, P.C., hereby demands that

plaintiff Lydia Velez ("plaintiff") serve signed and sworn answers to the following Interrogatories

within thirty (30) days of service hereof upon the offices of Littler Mendelson, P.C., 532

Broadhollow Road, Suite 142, Melville, New York 11747.

FIRMWIDE:84631600.2 051929.1004

PLEASE TAKE FURTHER NOTICE that defendants reserve the right to serve additional Requests for Interrogatories.

In responding to this Request, the following definitions and instructions shall apply.

## DEFINITIONS

A.    "Address" shall mean the present or last known street name and number, city or town, state, zip code, and telephone number of the person or entity in question.

B.    "Affiliation and title" shall mean the employer's name, the employer's address, and the job title or job description of the person or persons referred to in the response to the Request.

C.    "Complaint" shall mean the Complaint filed in this action dated December 3, 2007.

D.    "Communication" shall mean the transmittal of information (in the form of facts, ideas, inquiries or otherwise.)

E.    "Concerned" or "concerning" shall mean relating to, referring to, describing, evidencing or constituting.

F.    "Defendants," unless otherwise noted, shall mean any individual defendant or combination of defendants named in the caption of the Complaint, including SES Operating Corp., Harlem East Life Plan and Harlem East Life Plan-SES Corp., and shall include the following: any predecessor or successor corporations; any current or former agents, representatives or employees of any of the defendants or of said predecessors, any parent, subsidiary, or affiliated corporations (whether wholly or partially owned); and any of the agents, representatives or employees of such parent, subsidiary or affiliated corporations.

FIRMWIDE:84631600.2 051929.1004

- 2 -

G.    "Document" or "Documents" shall mean all writings and materials of every kind on the subject matter of the Request, whether originated or received by the plaintiff, and whether intra-corporate or otherwise, and shall be deemed to refer to, but not limited to, any paper, letter, diary, check, agreement, contract, financial record, tape, disc, film, transcript, excerpt, correspondence, email, record, report, photograph, memorandum, note, receipt, log, fax, file, form, tabulation, computer or other business machine input or output and any other writing or record of data or information, regardless of the manner in which produced or recorded, whether handwritten, typed, printed or produced by any other process. This term shall also include all mechanical, magnetic and electronic sound records or transcripts thereof, microfilm, microfiche, or other reproductions, and any data, information or statistics contained within any storage modules, tapes, discs, or other memory devices or information retrieval storage systems (including computer-generated reports or printouts). With respect to receipt of such documents, all sources are intended to be encompassed, including but not limited to the parties to this action and any other person, firm, corporation or legal entity. It shall also mean all drafts and copies of documents, whether identical or not, by whatever means made.

H.    "Health care provider" shall mean any physician, nurse, psychiatrist, psychologist, social worker, therapist, counselor, hospital, medical clinic or other provider of any form of mental or physical health care.

I.    "Identify" shall mean, when used in reference to:

i.    a natural person, his or her:

(a)    full name;

(b)    present or last known residence address (including the street name and number, city or town, state, zip code, and telephone number);

       (c)     present or last known business address (including the street

name and number, city or town, state, zip code, and

telephone number); and

       (d)     present or last known occupation, position, business

affiliation, and job description.

ii.    a company, corporation, association, partnership, or legal entity

other than a natural person:

       (a)     its full name;

       (b)     a description of the type of organization or entity;

       (c)     the full address of its principal place of business;

       (d)     its mailing address;

       (e)     its state of incorporation or organization; and

       (f)     the date of its incorporation or organization.

iii.   a document:

       (a)     its description (e.g. letter, email, memorandum, report);

       (b)     its title;

       (c)     its date;

       (d)     the number of pages thereof;

       (e)     its subject matter;

       (f)     the identity of its author, signatory or signatories, and any

person who participated in its preparation;

       (g)     the identity of its addressee or recipient;

       (h)     the identity of each person to whom copies were sent and

each person by whom copies were received;

     (i)    its present location; and

     (j)    the identity of its present custodian (if any such document was, but is no longer, in the possession of or subject to the control of plaintiff, state what disposition was made of it and when).

iv.    an oral communication or statement:

     (a)    the date and time it occurred;

     (b)    the place it occurred;

     (c)    the complete substance of the communication;

     (d)    the identity of each person:

          1).    to whom such communication was made;

          2).    by whom such communication was made;

          3).    who was present when such communication was made;

     (e)    if by telephone:

          1).    the identity of each person who made each call;

          2).    the identity of each person who participated in each call;

     (f)    the identity of all documents memorializing, referring to or relating in any way to the subject of the communication.

J.    "Person" and "persons" shall each mean any natural person or any business, legal or governmental entity or association.

FIRMWIDE:84631600.2 051929.1004

K.    "Plaintiff," "you" and "your" shall all mean the plaintiff named in the caption of the Complaint, Lydia Velez, and shall be deemed to include her former and current agents, representatives and attorneys.

L.    "All" and "each" shall be construed as all and each.

M.    "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

N.    Use of the singular tense shall be deemed to include the plural and vice versa, and use of the masculine pronoun shall be deemed to include both genders.


## INSTRUCTIONS

A.    Precede each answer with the Interrogatory to which it is addressed.

B.    The party answering these Interrogatories shall furnish all information available to the party, and all information available to the party's agents, representatives, employees and/or attorneys.

C.    If the answering party does not know the answer to an Interrogatory, identify the person or persons who would be expected to know the answer to such question.

D.    If there are any documents, the production, identification, or description of which is requested by these Interrogatories and which are not produced, identified or described by you in your answers because of a claim of privilege, then (i) identify the nature of the privilege that is being claimed and (ii) provide the following information in your answer, unless divulgence of such information would cause disclosure of the allegedly privileged information:

1.    the type of document;

2.    the general subject matter of the document;

FIRMWIDE:84631600.2 051929.1004

3.    the date of the document; and

4.    such other information as is sufficient to identify the document for a subpoena *duces tecum*, including, where appropriate, the author of the document, the addressees of the document, and any other recipients shown in the document, and, where not apparent, the relationship of the author, addressees, and recipients to each other.

E.    If any Interrogatory is not fully answered because of a claim of privilege, state the privilege asserted and the facts allegedly giving rise to the claim of privilege.

F.    For each document produced, identified or described in response to an Interrogatory, indicate in a reasonable manner the Interrogatory to which it is responsive.

G.    If you are unable to identify or produce any document requested in these Interrogatories because it is not within your possession, custody or control, or for any other reason, for each such document state the information you believe to be contained therein, the name, address, occupation, affiliation and title (as defined above) of any and all persons who you believe has possession, custody or control of each such document.

H.    If any of the information included in the answers to these Interrogatories is not within the personal knowledge of the person certifying the answers to these Interrogatories, so indicate in each instance where such information is included, and identify each person and/or document from whom/which such information was obtained.

I.    All Interrogatories herein are to be regarded as continuing in nature, so as to require plaintiff, pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, to promptly supplement and/or amend any answers provided in response to these Interrogatories with any and all information that becomes known or available to her or her attorneys, agents, or other representatives after the date of her response hereto.

## INTERROGATORIES

1.      Identify each and every person with knowledge of any facts on which you base any of your allegations in the Complaint, stating as to each such person the facts about which he/she purportedly has knowledge.

2.      Identify each and every oral, written, or recorded statement you have obtained from any person or source concerning any of the allegations in the Complaint, stating the name and address of the person who gave the statement, the date the statement was made, where the statement was made, the person the statement was made to, the date you obtained the statement, and the substance of the statement.

3.      Identify each and every physician, psychiatrist, psychologist, counselor, therapist, hospital, medical center or other health care provider whom you have consulted and/or from whom you have sought treatment for any reason from March 1, 2003 to the present, including a description of the ailment for which you sought his/her treatment.

4.      Identify each and every person or entity (other than Defendants) with whom you have been, or are currently, employed since March 1, 2003, including the identities of each person who supervised you, the dates of each respective period of employment, the positions(s) you held during each respective period of employment, and the total compensation you received from each employer.

5.      Identify each and every person or entity with whom you have applied for or sought employment since March 1, 2003, including the dates of contact for each, the position(s) you applied for, the salaries offered with each position, whether you were offered employment, the reason(s) you accepted or declined employment or were denied employment and identify each document concerning your response to this Interrogatory.

6.    With respect to the claims for damages contained in the Complaint, state the nature and amount of damages sought. In your answer, include the complete factual basis and method of calculation for each element of damages.

7.    With respect to your claim for attorney's fees, state the amount and method of computation of any attorney's fees you have paid, accrued but not paid to date, and/or agreed to pay, as well as the identity of the person(s) to whom such fees were paid or will be paid. In describing the method of computation, state whether counsel has been retained on an hourly, per diem, retainer, or contingency basis.

8.    As to each expert with whom you have consulted and/or whom you expect to call as a witness at trial, identify fully each expert, describe fully each lawsuit, administrative proceeding, arbitration proceeding, or other judicial or quasi-judicial proceeding before any governmental agency, any administrative agency, or any court in which such person has been employed to assist in the preparation of the prosecution or defense, including in your response the names of the parties to each such case or other proceeding, the court, agency or body involved, and the docket number. Attach a copy of a C.V. for each expert you identify in your answers to these Interrogatories.

9.    Identify each and every person or entity who investigated the subject matter of this litigation for you or your attorneys or on your or their behalf.

10.    Identify each and every current or former employee, agent or representative of defendants with whom you have spoken since your separation from employment with defendants, and for each such person identified, describe in detail the extent or nature of the conversation, and state the date of the conversation, the persons involved in the conversation and state whether you have any documents, notes or other writings referring or relating to the conversation. Attach copies of all such documents to your answers to these interrogatories.

FIRMWIDE:84631600.2 051929.1004

11.    Identify each and every document or other tangible item(s) that was in any manner relied upon or referred to in preparing your answers to these Interrogatories, including the custodian, location and general description of the document.

12.    Identify each and every person who assisted you in preparing the responses to these Interrogatories or with whom you consulted in connection with your preparation of responses to these Interrogatories.

13.    Identify each and every person employed by or acting as an agent of defendants whom plaintiff claims discriminated against her and/or retaliated against her, the dates of the alleged incident(s) of discrimination and/or retaliation, and a description of the alleged incident(s). Attach all documents that support your response to this Interrogatory..

14.    Identify each and every witness to the alleged incident(s) of discrimination and/or retaliation, as referred to in paragraphs "5" and "11" of the Complaint, the dates of the alleged incident(s) of discrimination and/or retaliation, and a description of the alleged incident(s). Attach all documents that support your response to this Interrogatory.

15.    Identify each and every person employed by or acting as an agent of defendants to whom plaintiff "made numerous complaints" as alleged in paragraph "12" of the Complaint, including the date of said complaint and a description of the nature of said complaint.  Attach all documents that support your response to this Interrogatory.

16.    Identify each and every defendant who condoned or ratified illegal conduct against plaintiff as alleged in paragraphs "13" and "15" of the Complaint.

17.    Identify each and every "other employee of the defendants" whom plaintiff alleges was discriminated against by defendants, as alleged in paragraph "15" of the Complaint.

18.    Identify each and every person who witnessed or who has knowledge of plaintiff's arrest on August 7, 2006 and the adjudication or dismissal of those charges, as alleged in paragraph "16" of the Complaint, including a description of the substance of his/her knowledge.

19.    Identify each and every person who has knowledge of any damages allegedly caused plaintiff by defendants and describe the basis of his/her knowledge.

Date:    March 31, 2008
         Melville, New York

_____
Lisa M. Griffith
LITTLER MENDELSON
  A Professional Corporation
532 Broadhollow Road
Suite 142
Melville, NY  11747
631.293.4525

Attorneys for defendants
  SES Operating Corp., Harlem East Life Plan,
  and Harlem East Life Plan-SES Corp.

FIRMWIDE:84631600.2 051929.1004

**AFFIDAVIT OF SERVICE BY MAIL**

STATE OF NEW YORK )
                                          ) ss:
COUNTY OF SUFFOLK )

LISA GRIFFITH, being duly sworn, deposes and says that she is over the age of eighteen years and is not a party in this proceeding; that on the 31st day of March, 2008, deponent served the within Defendants' First Request for Interrogatories upon

> Richard Kubick
> 7 East 14th Street
> New York, NY 10003

the address designated for that purpose, by depositing a true copy of the same by mail, enclosed in a post paid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

LISA GRIFFITH

Subscribed and sworn to before me
this 31st day of March, 2008.

Notary Public

MAUREEN WILLETT
Notary Public, State of New York
No. 4874655
Qualified in Nassau County
Commission Expires October 27, 20 10

EXHIBIT 4

**Griffith, Lisa M.**

| | |
|---|---|
| **From:** | kubicklaw@aol.com |
| **Sent:** | Wednesday, April 02, 2008 12:32 AM |
| **To:** | Griffith, Lisa M.; Bauer, John T. |
| **Subject:** | Lydia Velez v. HELP |

John/Lisa:
 Am dealing with some family member health issues. I  know I owe u a return call. I plan
to give a call tomorrow. If u want to get the ball rolling and send demands and disclosure
assuming discontinuance of the discussed questionable claims I am fine with it.
                    Richard
Sent from my Verizon Wireless BlackBerry

# EXHIBIT 5

**Griffith, Lisa M.**

| | |
|---|---|
| **From:** | kubicklaw@aol.com |
| **Sent:** | Thursday, April 03, 2008 9:44 PM |
| **To:** | Griffith, Lisa M. |
| **Cc:** | Bauer, John T. |
| **Subject:** | Re: Lydia Velez v. HELP |

Fair. Will do.
Sent from my Verizon Wireless BlackBerry

-----Original Message-----
From: "Griffith, Lisa M." <LGriffith@littler.com>

Date: Thu, 3 Apr 2008 19:30:40
To:<kubicklaw@aol.com>
Cc:"Bauer, John T." <JBauer@littler.com>
Subject: RE: Lydia Velez v. HELP


 Richard,

While we understand that you have family concerns, it is now Thursday
evening and we have not received a call from you to discuss the
outstanding issues concerning the stipulation withdrawing certain
claims. We also note that we have not received plaintiff's initial
disclosures and discovery requests which were supposed to be served this
past Monday.

Please contact us tomorrow to discuss these issues. We will be in the
office all day.

Sincerely,
Lisa M. Griffith
Littler Mendelson, P.C.
532 Broadhollow Road
Suite 142
Melville, New York 11747
Direct Dial: 631.247.4709
Fax: 631.293.4526
email: lgriffith@littler.com


-----Original Message-----
From: kubicklaw@aol.com [mailto:kubicklaw@aol.com]
Sent: Wednesday, April 02, 2008 12:32 AM
To: Griffith, Lisa M.; Bauer, John T.
Subject: Lydia Velez v. HELP

John/Lisa:
 Am dealing with some family member health issues. I  know I owe u a
return call. I plan to give a call tomorrow. If u want to get the ball
rolling and send demands and disclosure assuming discontinuance of the
discussed questionable claims I am fine with it.
                    Richard
Sent from my Verizon Wireless BlackBerry

----

To ensure compliance with requirements imposed by the IRS, we inform you that
any U.S. federal tax advice contained in this document (including any attachments)
is not intended or written to be used, and cannot be used, for the purpose of (i)
avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing
or recommending to another party any transaction or matter addressed herein.

This email may contain confidential and privileged material for the sole use of the intended recipient(s).  Any review, use, distribution or disclosure by others is strictly prohibited.  If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

To reply to our email administrator directly, send an email to postmaster@littler.com

Littler Mendelson, P.C.
http://www.littler.com

EXHIBIT 6

## Griffith, Lisa M.

| | |
|---|---|
| **From:** | kubicklaw@aol.com |
| **Sent:** | Friday, April 04, 2008 5:10 PM |
| **To:** | Griffith, Lisa M. |
| **Cc:** | Bauer, John T. |
| **Subject:** | Re: Lydia Velez v. HELP |

If u like, ok. I'll call in a couple minutes.
Sent from my Verizon Wireless BlackBerry

-----Original Message-----
From: "Griffith, Lisa M." <LGriffith@littler.com>

Date: Fri, 4 Apr 2008 15:56:30
To:<kubicklaw@aol.com>
Cc:"Bauer, John T." <JBauer@littler.com>
Subject: RE: Lydia Velez v. HELP


Should we expect a telephone call from you today?

-----Original Message-----
From: kubicklaw@aol.com [mailto:kubicklaw@aol.com]
Sent: Friday, April 04, 2008 4:56 PM
To: Griffith, Lisa M.
Subject: Re: Lydia Velez v. HELP

I'm going into office this weekend. I'll dig up stip and fax it to you.
Sent from my Verizon Wireless BlackBerry

-----Original Message-----
From: "Griffith, Lisa M." <LGriffith@littler.com>

Date: Thu, 3 Apr 2008 19:30:40
To:<kubicklaw@aol.com>
Cc:"Bauer, John T." <JBauer@littler.com>
Subject: RE: Lydia Velez v. HELP


 Richard,

While we understand that you have family concerns, it is now Thursday
evening and we have not received a call from you to discuss the
outstanding issues concerning the stipulation withdrawing certain
claims. We also note that we have not received plaintiff's initial
disclosures and discovery requests which were supposed to be served this
past Monday.

Please contact us tomorrow to discuss these issues. We will be in the
office all day.

Sincerely,
Lisa M. Griffith
Littler Mendelson, P.C.
532 Broadhollow Road
Suite 142
Melville, New York 11747
Direct Dial: 631.247.4709
Fax: 631.293.4526
email: lgriffith@littler.com


-----Original Message-----

3

From: kubicklaw@aol.com [mailto:kubicklaw@aol.com]
Sent: Wednesday, April 02, 2008 12:32 AM
To: Griffith, Lisa M.; Bauer, John T.
Subject: Lydia Velez v. HELP

John/Lisa:
 Am dealing with some family member health issues. I know I owe u a
return call. I plan to give a call tomorrow. If u want to get the ball
rolling and send demands and disclosure assuming discontinuance of the
discussed questionable claims I am fine with it.
                         Richard
Sent from my Verizon Wireless BlackBerry

----

To ensure compliance with requirements imposed by the IRS, we inform you
that
any U.S. federal tax advice contained in this document (including any
attachments)
is not intended or written to be used, and cannot be used, for the
purpose of (i)
avoiding penalties under the Internal Revenue Code or (ii) promoting,
marketing
or recommending to another party any transaction or matter addressed
herein.

This email may contain confidential and privileged material for the sole
use of the
intended recipient(s).  Any review, use, distribution or disclosure by
others is strictly
prohibited.  If you are not the intended recipient (or authorized to
receive for the
recipient), please contact the sender by reply email and delete all
copies of this
message.

To reply to our email administrator directly, send an email to
postmaster@littler.com

Littler Mendelson, P.C.
http://www.littler.com

----

To ensure compliance with requirements imposed by the IRS, we inform you that
any U.S. federal tax advice contained in this document (including any attachments)
is not intended or written to be used, and cannot be used, for the purpose of (i)
avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing
or recommending to another party any transaction or matter addressed herein.

This email may contain confidential and privileged material for the sole use of the
intended recipient(s).  Any review, use, distribution or disclosure by others is strictly
prohibited.  If you are not the intended recipient (or authorized to receive for the
recipient), please contact the sender by reply email and delete all copies of this
message.

To reply to our email administrator directly, send an email to postmaster@littler.com

Littler Mendelson, P.C.
http://www.littler.com

EXHIBIT 7

## Griffith, Lisa M.

| | |
|---|---|
| **From:** | kubicklaw@aol.com |
| **Sent:** | Friday, May 02, 2008 6:49 PM |
| **To:** | Griffith, Lisa M. |
| **Cc:** | Bauer, John T. |
| **Subject:** | Re: Lydia Velez v. SES Operating Corp. |

I understand and look forward to resolving this issue.
Sent from my Verizon Wireless BlackBerry

-----Original Message-----
From: "Griffith, Lisa M." <LGriffith@littler.com>

Date: Fri, 2 May 2008 18:39:05
To:<kubicklaw@aol.com>
Cc:"Bauer, John T." <JBauer@littler.com>
Subject: Lydia Velez v. SES Operating Corp.


Dear Mr. Kubick,

I write to memorialize our conversation today concerning the above-referenced case.  You
called me this afternoon, stating that you received our letter requesting that you serve
this office with Plaintiff's initial disclosures.  You stated that you have not complied
with serving us with the initial disclosures to date because you were preparing for a
trial this week for which you engaged in jury selection before it settled.

I emphasized to you that Defendants will be left with no choice but to seek the Court's
involvement if you do not serve us with Plaintiff's initial disclosures.  You stated that
you will serve this office with Plaintiff's initial disclosures on or before May 9, 2008.
Having now granted you yet another extension of time to serve us with the required
disclosures, we are putting you on notice that if we are not served with Plaintiff's
initial disclosures by May 9, 2008, we will seek the Court's intervention.

Sincerely,

Lisa M. Griffith
Littler Mendelson, P.C.
532 Broadhollow Road
Suite 142
Melville, New York 11747
Direct Dial: 631.247.4709
Fax: 631.293.4526
email: lgriffith@littler.com

2

EXHIBIT 8

**Griffith, Lisa M.**

| | |
|---|---|
| **From:** | kubicklaw@aol.com |
| **Sent:** | Tuesday, May 13, 2008 10:31 AM |
| **To:** | Griffith, Lisa M. |
| **Subject:** | Velez |

For what its worth, disclosure being typed today and I anticipate being able to send it
out by end of week.
Sent from my Verizon Wireless BlackBerry

EXHIBIT 9

*UNITED STATES DISTRICT COURT*
*SOUTHERN DISTRICT OF NEW YORK*
=================================================X

*LYDIA VELEZ,*

*Civil Action No.*
*#07-CV-10946 (GEL)*

                              **Plaintiff,**

  -   *against –*

*PLAINTIFF'S*
*INITIAL DISCLOSURE*

*SES OPERATING CORP., HARLEM EAST LIFE PLAN,*
*and HARLEM EAST LIFE PLAN-SES CORP.,*

                         **Defendants.**
=================================================X

Plaintiff, **LYDIA VELEZ**, by her attorney, provides as follows:

1.    Sheryl Hunt and Marjorie Thadal, employees of defendant.

2.    Plaintiff does not currently anticipate any witnesses whose testimony is expected to be presented by means of a deposition and, if not stenographically, a transcript of the pertinent portions of the deposition testimony.

3.    No documentation beyond that previously disclosed by defendant.

4.    Any insurance coverage of plaintiff inapplicable.

Plaintiff reserves the right to supplement and/or amend this response up to and through the time of trial.

Dated:      New York, New York
            May 14, 2008

                              BY: _____
                                   RICHARD KUBICK
                                  *ATTORNEY FOR PLAINTIFF*
                                     *7 E.14TH ST.*
                                    *NY, NY 10003*
                                    *212.684.7541*

RECEIVED
MAY 2 0 2008

EXHIBIT 10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
================================================X

LYDIA VELEZ,

                                Plaintiff,

        -   against –

SES OPERATING CORP., HARLEM EAST LIFE PLAN,
and HARLEM EAST LIFE PLAN-SES CORP.,

                                Defendants.
================================================X

Civil Action No.
#07-CV-10946 (GEL)

PLAINTIFF'S
RESPONSE TO
REQUEST FOR
INTERROGATORIES

Plaintiff, **LYDIA VELEZ**, by her attorney, provides as follows:

1.    Plaintiff objects to said Demand as overbroad, vague and improper. Without waiving objection, plaintiff, LYDIA VELEZ, defendants, SHERYL HUNT, MARJORIE THADAL and other employees of the defendants have knowledge of the claims of plaintiff asserted herein.

2.    None.

3.    None.

4.    The Concourse Medical Center, 880 Morris Avenue, Bronx, New York 10451, counselor.

5.    Plaintiff objects to same as overbroad, vague and improper. Without waiving objection, none beyond that referenced above.

6.    Plaintiff objects to said demand as improper, overbroad and vague. Without waiving objection, based upon the claims alleged in plaintiff's Complaint, she is entitled to the amounts detailed therein.

7.   Without waiving attorney-client privilege, plaintiff's action is currently being handled on a contingency basis, although a computation regarding hours worked and fees for same is being maintained as an alternative method of payment.

8.   None.

9.   Plaintiff objects to said demand as improper, overbroad and vague. Without waiving objection, no investigator has been hired in the matter.

10.   Plaintiff objects to said demand as overbroad, improper and vague.

11.   All documentation relative to plaintiff previously disclosed by the defendants.

12.   Not applicable.

13.   Sheryl Hunt and Marjorie Thadal, from the date of her employment through her May 25, 2006 termination, as well as subsequent thereto, including upon August 7, 2006.

14.   As referenced in "13" above, as well as her co-workers, the identities of which shall be provided.

15.   The dates referenced above.

16.   See "15" above.

17.   See "14" above.

18.   See "14" above.

19.   See "14" above.

The plaintiff reserves the right to supplement and/or amend this resonse up to and through the time of trial.

Dated:       New York, New York
             May 14, 2008

                                          BY: _____
                                                RICHARD KUBICK
                                             *ATTORNEY FOR PLAINTIFF*
                                                  *7 E.14TH ST.*
                                                 *NY, NY 10003*
                                                *212.684.7541*

EXHIBIT 11

*UNITED STATES DISTRICT COURT*
*SOUTHERN DISTRICT OF NEW YORK*
=================================================X

*LYDIA VELEZ,*

                            *Plaintiff,*

    -  *against* –

*SES OPERATING CORP., HARLEM EAST LIFE PLAN,*
*and HARLEM EAST LIFE PLAN-SES CORP.,*

                        *Defendants.*

=================================================X

*Civil Action No.*
*#07-CV-10946 (GEL)*

*PLAINTIFF'S*
*RESPONSE TO*
*REQUEST FOR*
*PRODUCTION OF*
*DOCUMENTS*

Plaintiff, **LYDIA VELEZ**, by her attorney, provides as follows:

1.    Plaintiff is not in possession of any of the documentation demanded therein beyond that previously disclosed by defendants.

Plaintiff reserves the right to supplement and/or amend this response up to and through the time of trial.

Dated:    New York, New York
            May 14, 2008

                                 BY: _____
                                    RICHARD KUBICK
                        *ATTORNEY FOR PLAINTIFF*
                            *7 E.14TH ST.*
                            *NY, NY 10003*
                            *212.684.7541*

**AFFIDAVIT OF SERVICE BY MAIL**

STATE OF NEW YORK )
                                         ) ss:
COUNTY OF SUFFOLK )

LISA GRIFFITH, being duly sworn, deposes and says that she is over the age of eighteen

years and is not a party in this proceeding; that on the 28th day of May, 2008, deponent served

the within Federal Rule of Civil Procedure 37 Motion. upon

Richard Kubick, Esq.
7 East 14th Street
New York, NY 10003

the address designated for that purpose, by depositing a true copy of the same by mail, enclosed

in a post paid properly addressed wrapper, in an official depository under the exclusive care and

custody of the United States Post Office Department within the State of New York.

_____
LISA GRIFFITH

Subscribed and sworn to before me
this 28th day of May, 2008.

_____
Notary Public

MAUREEN WILLETT
Notary Public, State of New York
No. 4874655
Qualified in Nassau County
Commission Expires October 27, 20 10