UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
=========================================X

LYDIA VELEZ,

              Plaintiff,

- against –

SES OPERATING CORP., HARLEM EAST LIFE
PLAN, and HARLEM EAST LIFE PLAN – SES CORP.,

              Defendants.

=========================================X

Civ.#07-CV-10946(GEL)

AFFIRMATION/
MEMORANDUM OF
LAW IN
OPPOSITION

    RICHARD KUBICK, an attorney duly admitted to practice law in the within jurisdiction, provides the following under the penalties of perjury:

    1.    The undersigned is counsel for plaintiff in the above-entitled matter. As such, and from a review by the file maintained by my office in the course of handling the within matter, I am fully familiar with the facts and circumstances herein.

    2.    This Affirmation/Memorandum of Law is respectfully submitted in Opposition to the Motion submitted by defendants seeking dismissal of various causes of action of the plaintiff herein.

    3.    Initially, it is noted that the submission of such a Motion and/or Stipulation of Discontinuance as to various theories under which plaintiff may recover was discussed at the initial Conference in the matter. At that time, the Court indicated some displeasure with seeking dismissal of certain theories under which the action would be asserted at such an early stage of the proceedings. Obviously plaintiff agreed with said posture, but was willing to engage in what it thought was a resolution of the issue by

stipulating to indeed discontinue various claims. However, defendants, yet to conduct or submit to deposition, continue to pursue same.

4. Unfortunately, said Motion is without merit as well as premature. Initially, defendants seek leave to amend their Answer to add the affirmative defense of "Statute of Limitations" so as to time bar plaintiff's intentional tort claim and "Worker's Compensation Preemption". Defendants' Memorandum of Law notes the four criteria which must be met for such a request to be granted. The first basis, that a party seeking amendment 'has not been unduly delayed' does not appear to be met as it has been months since the Answer was interposed. Initial Disclosures were made by both parties and depositions awaiting to proceed.

5. The second criteria, 'lack of bad faith or with a dilatory motive' appears also not to be met insofar as it is clear that same has been undertaken subsequent to a negotiation between counsel regarding wherein defendants specifically laid out in a stipulation various causes of action they sought to be withdrawn as a matter of resolving the dispute as to under what theories the case would then proceed through litigation under, but suddenly now are in effect seeking to interpose new related defenses. Said application herein is for the sole purpose of now submitting a Motion for dismissal subsequent to what was perceived to be a good-faith detailing of what specific causes of action were at issue. Indeed, same was detailed at the initial Conference in the matter. Apparently bait-and-switch is in good faith and not dilatory.

6. The third criteria 'that an interposing party will not be unduly prejudiced by the amendment' is also seemingly not met because plaintiff will obviously be prejudiced by the sudden interposition of new affirmative defense interposed specifically to serve as a vehicle for dismissal.

7. The final criteria, that the amendment 'is not futile' is not met insofar as, as noted below, a sought amendment and same serving as a gateway to dismissal on summary judgment is without merit.

8. It is also noted that there is an indication in the subject Motion that plaintiff was not served Initial Disclosure. This is inaccurate as same were indeed served prior to the submission of the subject Motion. (Initial Disclosure is annexed hereto as Exhibit "A").

9. Given the foregoing, the substance of arguments of the defendants that the plaintiff's intentional tort claim should potentially be dismissed need not be addressed given the unwarranted leave to amend the Answer. Moreover, August 6, 2006 was the date of plaintiff's improper arrest, but it is not the date of the eventual dismissal of the matter. Same was reached after multiple court appearance adjournments all at the prosecutions request. It is the dismissal date which her cause of action may be deemed to actual then arise. All of same can be explored at deposition. At minimum, if defendants are granted leave to amend its Answer to add various affirmative defenses, then plaintiff should be granted leave to amend its Complaint to detail same. If subsequent to amendment of the Complaint the defendants seek to have said arguments addressed, they may.

10. As to defendants' claim that the theory of negligence are preempted by the exclusivity provisions of New York Workers' Compensation Law, same would of course need to be premised upon an admission that plaintiff was an employee of defendant and received Workers' Compensation benefits herein. Despite defendants' baseless, misleading assertions to the contrary, the exclusivity provisions of New York State Workers' Compensation Law are premised on the idea that plaintiff that may seek Workers' Compensation benefits as opposed to a negligence cause of action against its employer in the event that Workers' Compensation benefits were available and received. Boles v. Dormer Giant, 4 NY3d 235, 792 NYS2d 375, 825 NE2d 590. Herein, no proof such benefits were available, let alone received is presented. Moreover, there exists multiple differing named defendants, thereby resulting in one potentially being her employer and another not. Nelson v. Shaner Cable, Inc. 2AD3d 1371, 770 NYS2d 498; Levenson v. Berkley Profession Processing, Inc., 122 AD2d 867, 505 NYS2d 913. Given both of the foregoing, the so-called bar from bringing suit is inapplicable.

11. In a further waste of the Court's time, defendants attempt to argue that the plaintiff's Complaint, as a whole, fails to state a cause of action under a negligence theory. When liberally viewed as a whole, the Complaint clearly provides for same, and if the defendants for whatever reason somehow requests further expansion of the Complaint, plaintiff is willing to do so.

12. The defendants also seek to dismiss the claim for breach of contractual obligations with plaintiff. Unfortunately, in response to plaintiff's allegations thereof, there has been no disclosure from defendants whether there indeed existed some sort of employment contract, written, implied or otherwise herein. As such, said request is without merit.

13. Defendants also seek dismissal of the various causes of action under 42 USC 1983, 1985, 1986, based upon the unsubstantiated claim that defendants are not a 'state actor' and lack of any conspiracy amongst multiple entities. As detailed at the Initial Conference and referenced by defendants in the matter, the defendant entity is a drug and alcohol rehabilitation facility treating many parties who as a condition of their parole and/or criminal guilty plea undergo some drug and alcohol treatment. Clearly, there potentially is some state action involved with same, particularly as it is highly likely that the state has significant input in direction regarding what treatment said individuals must undergo, the manner of same, the recording thereof, the requisite standards, etc. To claim prior to deposition that there is no possible implication of state action herein being conducted by the defendants is baseless and absurd. It is noted that nowhere is there any Affidavit submitted from an individual from any of the defendants indicating the purported complete lack of state action herein. Indeed, plaintiff intends at deposition to question the defendants relative thereto. It is also interesting to note that defendants' Initial Disclosure references no insurance coverage for the defendants herein. This further raises an eyebrow as to said

entity possibly not being a fully private organization, i.e. bearing some governmental nature.

14. As noted above, the Motion of defendants is submitted in bad faith, without legitimate basis and prematurely. It is also noted that a request by the undersigned for a one-week adjournment to submit further opposition to the Motion, 6 business days after receiving same, was refused. As such, it is requested that any untimely submission of reply papers be rejected by the Court.

DATED: June 5, 2008
NY, NY

BY: /s/ Richard Kubick
RICHARD KUBICK
ATTORNEY FOR PLAINTIFF
7 E.14TH ST.
NY, NY 10003
212.684.7541