JOHN T. BAUER (JB 4658)
LISA M. GRIFFITH (LG 1020)
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants
    SES Operating Corp., et al.
532 Broadhollow Road
Suite 142
Melville, NY  11747
631.293.4525

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Lydia Velez,<br><br>            Plaintiff,<br><br>      -against-<br><br>SES Operating Corp., et al.,<br><br>            Defendants. | Civil Action No. 07-CV-10946 (GEL) |

## MEMORANDUM OF LAW IN REPLY TO PLAINTIFF'S OPPOSITION AND IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO AMEND THE ANSWER AND FOR PARTIAL JUDGMENT ON THE PLEADINGS

## PRELIMINARY STATEMENT

Defendants respectfully submit this memorandum of law in reply to Plaintiff's Affirmation/Memorandum of Law in Opposition and in further support of Defendants' Motion to Amend the Answer and for Partial Judgment on the Pleadings. The Court must grant Defendants' motion in its entirety for the grounds set forth herein and in Defendants' initial moving papers. Plaintiff's Affirmation in Opposition is replete with misstatements of fact, and offers no relevant legal support for the arguments contained therein.

## ARGUMENT

### I.
### THE COURT MUST GRANT DEFENDANTS' MOTION TO AMEND THE ANSWER.

Plaintiff has failed to provide any basis for the Court to deny Defendants' Motion to Amend the Answer. Plaintiff argues that Defendants' motion has been "unduly delayed," because "Initial Disclosures were made by both parties and depositions awaiting to proceed." *See* Plaintiff's Affidavit/Memorandum of Law in Opposition ("Pl. Aff. Opp.") ¶ 4. Plaintiff's assertion is misleading, at best.[1] Defendants served and filed the instant motion on May 14, 2008, six days *before* Defendants received Plaintiff's Initial Disclosures. *See* Docket Number 9. *See also* Plaintiff's Initial Disclosures and mailing envelope, collectively Exhibit "1" to Griffith Aff. Although Plaintiff's Initial Disclosures are dated May 14, 2008, the envelope in which the documents were mailed is post-marked May 16, 2008, and they were received by Defendants' attorney's office on May 20, 2008, some six days after Plaintiff's attorney claims to have served the papers. Moreover, Plaintiff's Initial Disclosures are the subject of a separate motion filed by Defendants on May 28, 2008 ("Defendants' Discovery Motion"), because they were untimely served and do not comply with the requirements of Federal Rule of Civil Procedure 26(a). Therefore, Plaintiff's argument that she will be prejudiced by an amendment to the Answer because she served Initial Disclosures is without merit.

Plaintiff again misstates the facts in claiming that "depositions [are] awaiting to proceed." Pl. Aff. Opp. ¶ 4. Plaintiff has not served *any* deposition notices. Moreover, although

---

[1] Plaintiff also claims that Defendants refused her request for a one-week adjournment to submit opposition to the instant motion. This statement is not true. Indeed, Defendants *granted* Plaintiff's request for an extension of time to serve her opposition papers, as noted in an email to Mr. Kubick on June 2, 2008 and a letter to Plaintiff dated June 3, 2008, a copy of which was sent to the Court. *See* Exhibit "2" annexed to Griffith Aff. Moreover, Defendants initial reluctance to grant Plaintiff's request for an extension to submit her opposition papers was due to Plaintiff's complete disregard for the timelines previously agreed upon between the parties in conjunction with discovery and those set forth in the Federal Rules of Civil Procedure.

2

Defendants noticed Plaintiff's deposition for June 17, 2008, Defendants had to reschedule Plaintiff's deposition because of Plaintiff's failure to serve timely and adequate Initial Disclosures and responses to Defendants' First Set of Interrogatories and First Request for the Production of Documents. *See* Defendants' Discovery Motion.

Plaintiff also asserts that Defendants have not met the second criteria necessary for a Court to grant a motion to amend, in that she claims Defendants' motion was not in good faith. Plaintiff provides no support for this argument other than a very convoluted suggestion that Defendants acted in bad faith because they filed the instant motion after Plaintiff and Defendants discussed whether to stipulate to withdraw certain claims. Plaintiff seems to argue that whatever claims she did not agree to withdraw must be fully litigated and are not subject to dismissal. Plaintiff's argument is wholly without merit. Plaintiff is not the arbiter of which claims should be litigated in this matter and which should be dismissed. Accordingly, Plaintiff fails to show that Defendant acted in bad faith or with a dilatory motive in seeking to amend the answer.

Additionally, Plaintiff has not met her burden to show that she will be unduly prejudiced if the Defendants are granted leave to amend. Plaintiff asserts that she will be prejudiced if the Court grants Defendants' Motion to Amend because of the "sudden interposition of new affirmative defense interposed specifically to serve as a vehicle for dismissal." Pl. Aff. Opp. ¶ 6. Whether an asserted claim would be subject to dismissal if a motion to amend to add a defense is granted is not the standard for determining prejudice. Indeed, if that were the standard, no court would ever grant such a motion because the purpose of almost all defenses is to obtain dismissal of a claim or claims. The factors considered by the Second Circuit with regard to prejudice are whether a new defense would "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or

(iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Nelson v. Ulster County*, No. 06-CV-1057, 2007 U.S. Dist. LEXIS 58267, at **8-9 (N.D.N.Y Aug. 7, 2007) (citing *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 284 (2d Cir. 2000)). As set forth in Defendants' initial motion papers, none of these factors are present herein.

Plaintiff's argument that Defendants' motion to amend is futile, Pl. Aff. Opp. ¶ 7, is also without merit. Plaintiff's argument is inapposite to the concept of futility, which, according to Merriam-Webster's online dictionary, means "serving no useful purpose : completely ineffective." The defenses that Defendants seek to add are legally sound and may result in the dismissal of certain claims either immediately or at a later date. Plaintiff has raised no issues to suggest otherwise.

Accordingly, Defendants' Motion to Amend the Answer must be granted.

## II.
## PLAINTIFF'S INTENTIONAL TORT CLAIMS ARE TIME-BARRED.

Plaintiff claims that her intentional tort claims are not time-barred because although August 6, 2006 was the date of plaintiff's arrest, "it is the dismissal date which her cause of action may be deemed to actual (sic) then arise." Pl. Aff. Opp. ¶ 9. Curiously, Plaintiff fails to state *when* the charges were dismissed or the theory under which her intentional tort cause of action arose. Plaintiff seems to argue that her claim is one for malicious prosecution; however, Plaintiff fails to state a cause of action under such theory.

The New York Court of Appeals has held that "[b]ecause 'accusers must be allowed room for benign misjudgments, the law places a heavy burden on malicious prosecution plaintiffs." *Rothstein v. Carriere*, 373 F.3d 275, 282 (2d Cir. 2004) (citing *Smith-Hunter v. Harvey*, 95 N.Y.2d 191, 195 (2000)). A plaintiff must establish four elements in order to prevail:

> First, the plaintiff must prove that the defendant initiated a criminal proceeding. Second, the proceeding must have been terminated

> favorably to the plaintiff. Third, the plaintiff must prove that there
> was no probable cause for the criminal charge. Finally, the
> defendants must have acted maliciously.

*Id.* (citing *Savino v. City of New York*, 331 F.3d 63, 72 (2d Cir. 2003)); *see also Brown v. Sears Roebuck & Co.*, 297 A.D.2d 205, 208 (1st Dep't 2002). Failure to establish any one of these elements defeats the claim. *Valle v. YMCA*, 05 Civ. 5318, 2006 U.S. Dist. LEXIS 66639, at **23-24 (S.D.N.Y. July 6, 2006), *report and recommendation accepted by*, 2006 U.S. Dist LEXIS 63262 (S.D.N.Y Sept. 6, 2006); *Hoyt v. City of New York*, 284 A.D.2d 501, 502 (2d Dep't 2001). Moreover, "a civilian defendant who merely furnishes information to law enforcement authorities who are then free to exercise their own independent judgment as to whether an arrest will be made and criminal charges filed will not be held liable for malicious prosecution." *Lupski v. County of Nassau*, 32 A.D.3d 997 (2d Dep't 2006); *Valle*, 2006 U.S. Dist. LEXIS 66639, at **23-24 ("[T]he YMCA is a private actor which has not commenced a criminal proceeding against Valle.").

The Complaint does not set forth any of the elements necessary to support a cause of action for malicious prosecution. The Complaint, therefore, should be read as asserting generalized intentional tort claims which are time-barred under the applicable statute of limitations and must be dismissed.

### III.
### PLAINTIFF'S CLAIMS IN NEGLIGENCE ARE PREEMPTED.

As set forth more fully in Defendants' initial moving papers, Plaintiff's causes of action in negligence are preempted by the exclusivity provisions of New York's Workers' Compensation Law. Plaintiff incorrectly claims that Defendants' argument "would of course need to be premised upon an admission that plaintiff was an employee of defendant and received Workers' Compensation benefits herein." Pl. Aff. Opp. ¶ 10. To the contrary, Workers'

Compensation does not provide for an election of remedies, rather, it is the *exclusive* remedy for negligence claims that occur in the workplace. Plaintiff also claims that "there exists multiple differing named defendants, thereby resulting in one potentially being her employer and another not." Pl. Aff. Opp. ¶ 10. However, although Plaintiff *named* three different Defendants, there does not *exist* multiple differing named Defendants. As stated in footnote 1 of the Answer, "SES Operating Corp. is a corporation doing business as Harlem East Life Plan." Plaintiff has asserted no basis for arguing that there are three separate entities named as Defendants in this action.

Plaintiff cites to *Levenson v. Berkey Professional Processing, Inc.*, 122 A.D.2d 867 (2d Dep't 1986); yet, that case supports Defendants' position. In *Levenson*, the Court found that because Berkey Professional, the owner of the property where the injury occurred, and Film Processing, Levenson's direct employer, were divisions of Berkey Photo Inc. and not separate corporate entities, as Plaintiff alleged, Plaintiff's negligence causes of action against those two defendants were preempted by the Workers' Compensation Law. Similarly, here too, SES Operating Corp., doing business as Harlem East Life Plan, was Plaintiff's direct employer. SES Operating Corp. and Harlem East Life Plan are not separate corporate entities. Accordingly, on the authority of *Levenson*, the Court must dismiss Plaintiff's negligence claims.

Plaintiff also cites to *Boles v. Dormer Giant*, 4 N.Y.3d 235 (2005); however, the issue in *Boles* was whether New York's Workers' Compensation Law § 11, "which limits an employer's liability to third parties for contribution or indemnity to those cases of workplace injury where its employee has suffered a grave injury . . . shields an employer that has failed to secure workers' compensation for its injured employee," as required by New York's Workers' Compensation Law § 10. *Id.* at 236. That is not the issue in the instant case.

Finally, Plaintiff cites to *Nelson v. Shaner Cable, Inc. Doing Business as El-Mar Communications, Co., et al.*, 2 A.D.3d 1371 (4th Dept. 2003). In that case, the defendants had a very complicated corporate structure, including alter-egos such that it was not clear to the Court whether the defendants were indeed one entity. Because of the complicated corporate structure and the defendants' conflicting positions regarding the identity of Plaintiff's direct employer, the Court found that Plaintiff's claims against defendant El-Mar were not necessarily preempted. *Nelson* is not applicable to the instant case because the Defendants herein do not have a complicated corporate structure and Defendants have not made any conflicting statements as to who was Plaintiff's direct employer.

Finally, Plaintiff makes a conclusory statement that the Complaint, "when liberally viewed as a whole," sets forth a cause of action under a negligence theory. Pl. Aff. Opp. ¶ 11. Plaintiff does not and cannot articulate a cause of action in negligence.

Accordingly, the Court should grant Defendants' motion to amend the Answer to assert the affirmative defense of New York Workers' Compensation Law preemption and then dismiss Plaintiff's negligence claims.

## IV.
## PLAINTIFF'S CAUSES OF ACTION FOR BREACH OF CONTRACT MUST BE DISMISSED

As set forth in Defendants' initial moving papers, it is axiomatic that, to establish a breach of contract, a plaintiff must allege the existence of a contract. *See Marks v. New York Univ.*, 61 F. Supp. 2d 81, 88-89 (S.D.N.Y. 1999). Plaintiff has not alleged the existence of a contract in the Complaint or in her opposition papers, nor can she. Plaintiff argues that *if* there was a contract, she will find out about it in discovery. Plaintiff's argument must be rejected because it is just further proof that she has asserted a baseless claim. Plaintiff should know whether an employment contract existed between the parties without resort to conducting

discovery to ascertain the existence of a contract. Alleging the existence of a contract is a necessary element of a breach of contract claim. Therefore, the Court should dismiss Plaintiff's breach of contract claim.

### V.
### PLAINTIFF'S CAUSES OF ACTION UNDER 42 U.S.C. §§ 1983, 1985 AND 1986 MUST BE DISMISSED.

Plaintiff's claims under 42 U.S.C. §§ 1983 and 1985 must be dismissed because Plaintiff fails to allege the existence of state action. Plaintiff's cause of action under 42 U.S.C. § 1986 must be dismissed for failing to state a cause of action under 42 U.S.C. § 1985. Plaintiff does not refute the additional grounds under which Defendants seek dismissal of her claim pursuant to 42 U.S.C. § 1985. Instead of alleging the existence of state action, Plaintiff wrongfully suggests that Defendants bear the burden to show that state action is *not* present. Pl. Aff. Opp. ¶ 13. Plaintiff also makes an illogical argument that "It is also interesting to note that defendants' Initial Disclosure references no insurance coverage for the defendants herein. This further raises an eyebrow as to said entity possibly not being a fully private organization, i.e. bearing some governmental nature." Pl. Aff. Opp. ¶ 13. Plaintiff's assertion is patently absurd and does not warrant a response other than to say that whether state action exists in this case is an allegation that Plaintiff must raise in the Complaint and she has not (nor can she). Accordingly, Plaintiff's causes of action pursuant to 42 U.S.C. §§ 1983, 1985 and 1986 must be dismissed.

### VI.
### PLAINTIFF'S REQUEST TO AMEND THE COMPLAINT MUST BE DENIED.

Plaintiff argues that should the Court grant Defendants leave to amend the Answer, the Court should also grant Plaintiff leave to amend the Complaint to detail her intentional tort claim. Pl. Aff. Opp. ¶ 9. Yet, Plaintiff does not satisfy her burden to show she should be granted leave to amend the Complaint. Furthermore, Defendants would be disadvantaged if the Court

were to permit Plaintiff to amend the Complaint without making a formal motion, because Defendants would be deprived of a full and fair opportunity to respond to a motion to amend. She has not articulated the reasons she seeks leave to amend, nor what information she would change or add to the Complaint. Accordingly, Plaintiff's informal request to amend the Complaint must be denied.

## CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that the Court grant Defendants' Motion to Amend the Answer to add the defenses of statute of limitations and preemption by New York's Workers' Compensation Law; award Defendants Judgment on the Pleadings on Plaintiff's claims brought pursuant to: (1) an intentional tort theory; (2) negligence; (3) breach of contract; (4) 42 U.S.C. § 1983; (5) 42 U.S.C. § 1985; and (6) 42 U.S.C. § 1986, which are set forth in the First, Fourth, Fifth, Sixth, Seventh and Eighth Causes of Action; and grant Defendants costs, fees and additional relief that the Court deems just and proper.

Date: June 19, 2008
Melville, New York

_____
John T. Bauer (JB 4658)
Lisa M. Griffith (LG 1020)
LITTLER MENDELSON
 A Professional Corporation
532 Broadhollow Road
Suite 142
Melville, NY  11747
631.293.4525

Attorneys for Defendants
 SES Operating Corp, Inc., et al.

9

## AFFIDAVIT OF SERVICE
## BY FAX AND CERTIFIED MAIL/RETURN RECEIPT REQUESTED

STATE OF NEW YORK )
                       ) ss.:
COUNTY OF SUFFOLK)

Stefanie Attanasio, being duly sworn, deposes and says, that deponent is not a party to the action, is over 18 years of age and resides in Commack, New York. That on the 19th day of June, 2008, deponent served a copy of the within Memorandum of Law in Reply to Plaintiff's Opposition and In Further Support of Defendants' Motion to Amend the Answer and for Partial Judgment on the Pleadings upon:

> Richard Kubick, Esq.
> 7 East 14th Street
> New York, New York 10003
> *facsimile 212.243.2926 and*
> *Certified Mail, Return Receipt Requested*

enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within New York State.

                                                  _____
                                                  Stefanie Attanasio

Sworn to before me this
19th day of June, 2008.

_____
Notary Public

> MAUREEN WILLETT
> Notary Public, State of New York
> No. 4874655
> Qualified in Nassau County
> Commission Expires October 27, 20 10

<u>AFFIDAVIT OF SERVICE</u>
<u>BY FAX AND CERTIFIED MAIL/RETURN RECEIPT REQUESTED</u>

STATE OF NEW YORK )
) ss.:
COUNTY OF SUFFOLK )

Stefanie Attanasio, being duly sworn, deposes and says, that deponent is not a party to the action, is over 18 years of age and resides in Commack, New York. That on the 19th day of June, 2008, deponent served a copy of the within Memorandum of Law in Reply to Plaintiff's Opposition and In Further Support of Defendants' Motion to Amend the Answer and for Partial Judgment on the Pleadings upon:

> Richard Kubick, Esq.
> 7 East 14th Street
> New York, New York 10003
> *facsimile 212.243.2926 and*
> *Certified Mail, Return Receipt Requested*

enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within New York State.

_____
Stefanie Attanasio

Sworn to before me this
19th day of June, 2008.

_____
Notary Public

MAUREEN WILLETT
Notary Public, State of New York
No. 4874655
Qualified in Nassau County
Commission Expires October 27, 20 10