UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
:
LYDIA VELEZ,                                                :
:
                     Plaintiff,          :
:     07 Civ. 10946 (GEL)
             -v.-                   :
:     **OPINION AND ORDER**
SES OPERATING CORP., HARLEM EAST LIFE         :
PLAN, and HARLEM EAST LIFE PLAN-SES          :
CORP.,                                                      :
:
                     Defendants.         :
:
------------------------------------------------------------x

Richard Kubick, Esq., New York, NY, for Plaintiff.

John T. Bauer and Lisa M. Griffith, Littler Mendelson, Melville, NY, for Defendants.

GERARD E. LYNCH, District Judge:

      Defendants in this employment dispute move for leave to amend their answer, and for judgment on the pleadings with respect to a number of causes of action. Separately, the parties have put before the Court a discovery dispute. This Opinion and Order disposes of all applications currently pending before the Court.

      At the initial conference, the Court agreed with defendants' suggestion that several of the causes of action appeared to be unsupported by the facts alleged. However, the Court discouraged defendants from bringing a motion simply to clean up the complaint, and suggested that defendants defer such issues to the summary judgment stage, to avoid the parties' and the Court's having to address two rounds of motions. Instead, the Court urged plaintiff to reconsider

certain claims, and to decide whether they should be withdrawn.  Plaintiff acted on this advice, at least to the extent of stipulating to the dismissal of claims based on New York Labor Law § 740, the New York Workers' Compensation Law, and the "Civil Rights Act of 1966."  (D. Mem.1 n.1)  Defendants nevertheless now move to address deficiencies in the plaintiff's pleading.  While the Court discouraged such a motion at the initial conference, parties have the right to make whatever motions are permitted by the Federal Rules of Civil Procedure, and the Court must address such motions on the merits.  Defendants additionally seek to compel plaintiff to comply with her discovery obligations.

## DISCUSSION

**I.      Motion to Amend the Answer**

Defendants seek leave to amend their answer to assert a statute of limitations defense to certain causes of action, and a further defense that plaintiff's negligence claims are precluded by the New York Workers' Compensation Law.  Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  In deciding whether to grant such applications, courts consider whether the party seeking the amendment has not unduly delayed, whether that party is acting in good faith, whether the opposing party will be prejudiced, and whether the amendment will be futile.  See Foman v. Davis, 371 U.S. 178, 182 (1962).  All of these considerations favor granting defendants' motion.  The case is still in its early stages, the amendment sought is clearly a good faith effort to raise legitimate defenses, plaintiff is not unfairly prejudiced by the assertion of meritorious defenses, and far from being futile, the defenses raised appear dispositive of certain claims.  Accordingly, defendants' motion to amend their answer will be granted.

**II.     Motion for Judgment on the Pleadings**

A defense motion for judgment on the pleadings under Rule 12(c) is assessed by the same standard as a motion to dismiss under Rule 12(b)(6): does the complaint state a cause of action, taking all allegations in the complaint as true and drawing all reasonable inferences in favor of the plaintiff?  Several of the claims asserted by plaintiff fail to meet even this lenient standard.

   A.     42 U.S.C. § 1983

Plaintiff purports to assert claims based on § 1983, which prohibits the deprivation of federal rights "under color of any statute, ordinance, regulation, custom, or usage[] of any State." 42 U.S.C. § 1983.  Accordingly, to state a claim under § 1983, a plaintiff must allege that "the conduct complained of is fairly attributable to a state actor."  Huszar v. Zeleny, 269 F. Supp. 2d 98, 104 (E.D.N.Y. 2003).  The complaint alleges that "[d]efendant(s) is/are corporation(s) duly formed and existing under and by virtue of the laws of the State of New York."  (Compl. ¶ 8.) Nowhere in the complaint is there the slightest allegation of fact whatsoever suggesting that the actions of these private corporations constitute state action.  Neither the fact that defendants operate a "drug and alcohol rehabilitation facility treating many parties who as a condition of their parole and/or criminal guilty plea undergo some drug and alcohol treatment" (P. Mem. ¶ 13) — an allegation not made in the complaint — nor the fact that defendants' initial disclosure "references no insurance coverage" (id.), is suggestive of state action.  Accordingly, all claims based on § 1983 must be dismissed.

   B.     42 U.S.C. §§ 1985, 1986

Defendants urge that plaintiff's claims based on 42 U.S.C. § 1985 must be dismissed, among other reasons, because plaintiff fails to allege a conspiracy.  Specifically, defendants

point out that "[t]he agents and employees of a single corporate entity, . . . acting within the scope of their employment, are legally incapable of conspiring with each other for purposes of Section 1985." Perkins v. Kamco Supply Corp., No. 06 Civ. 5054, 2007 WL 4207193, at *4 (S.D.N.Y. Nov. 26, 2007). Indeed, the complaint, beyond a bare reference to the statute, gives no indication of who is asserted to have conspired with whom to do what. Defendants further argue that plaintiff's claims under 42 U.S.C. § 1986 must be dismissed because liability under § 1985 is a necessary predicate to a claim under § 1986. Plaintiff does not respond to these arguments, and so has abandoned the claims. See Bogdan v. New York City Transit Authority, 02 Civ. 9587 (GEL), 2005 WL 1161812, at *3 (S.D.N.Y. May 17, 2005). Accordingly, all claims based on §§ 1985 and 1986 must be dismissed.

    C.    <u>Negligence</u>

Plaintiff also asserts claims sounding in negligence. However, the complaint clearly alleges that plaintiff was an employee of defendants. (Compl. ¶ 10.) The New York Workers' Compensation Law provides the exclusive remedy for injuries resulting from negligence in the workplace. See N.Y. Workers' Comp. Law §§ 10, 11, 29; O'Brien v. King World Prods., Inc., 669 F. Supp. 639, 641 (S.D.N.Y. 1987). Plaintiff responds, incorrectly, that negligence remedies are precluded only if plaintiff has received compensation benefits. (P. Mem. ¶ 10.) That is not so; the statute unequivocally provides that the workers' compensation remedy "shall be exclusive and in place of any other liability whatsoever[] to such employee." N.Y. Workers'

Comp. Law § 11. As the statute clearly provides, suits for negligence against an employer are simply prohibited, whether or not the employee has sought or received benefits.[1]

Plaintiff alternatively argues that she has sued "multiple differing named defendants, thereby resulting in one potentially being her employer and another not." (P. Mem. ¶ 10.) Putting aside defendants' assertion that there is, in fact, only one corporate entity and that two of the named defendants do not exist, as well as plaintiff's own evident uncertainty as to whether defendants constitute one or more corporations (see Compl. ¶ 8), the complaint clearly alleges that plaintiff was hired by "defendants," not by only one of them (id. ¶ 10). All claims based on negligence must therefore be dismissed.

D.   Breach of Contract

Defendants point out that while plaintiff alleges a cause of action for breach of contract, the complaint does not allege the existence of an employment contract, or specify in any way what provisions of such contract were breached by defendants. Indeed, the sole reference to a contract is the entirely conclusory allegation that "defendants breached contractual obligations with plaintiff." (Compl. ¶ 30.)[2]

---

[1] The only exception to this rule is if the employer "fails to secure the payment of compensation for his or her injured employees" by means of one of three options set forth in Section 50 of the statute. N.Y. Workers' Comp. Law § 11; see Boles v. Dormer Giant, Inc., 4 N.Y.3d 235, 239 n.2 (2005) (discussing options for securing workers' compensation coverage). Contrary to plaintiff's assertion, then, negligence remedies are only available, not when a plaintiff has failed to *receive* compensation benefits, but rather, when the employer has failed to "*secure* compensation to [its] employees" through one of the three statutory options. N.Y. Workers' Comp. Law § 10(1) (emphasis added). The complaint in this case contains no allegation that defendants failed to secure such compensation for its employees.

[2] The mere fact that plaintiff was "hired by the defendants" (Compl. ¶ 10) and later "terminated" by them (id. ¶ 16) does not allege or imply a contract or a breach. In New York, "[a]bsent an agreement establishing a fixed duration, an employment relationship is presumed to

In response to defendants' motion, plaintiff asserts only that "there has been no disclosure from defendants whether there indeed existed some sort of employment contract, written, implied or otherwise herein." (P. Mem. ¶ 12.) This misses the point. Plaintiff has personal knowledge of whether she had a contract of employment, and if so, what its provisions were and which of those provisions she claims was breached. It is incumbent on plaintiff, if such a contract existed, so to allege, and to put defendants on notice of what contractual undertakings she claims they breached. She has not done so. Accordingly, the claim of breach of contract must be dismissed.

E.  Intentional Torts

The complaint alleges intentional infliction of emotional distress, false arrest, and malicious prosecution. (Compl. ¶¶ 26, 32.) As defendants correctly out, New York's statute of limitations for intentional torts is one year. N.Y. C.P.L.R. § 215(3); see Smith v. Soros, No. 02 Civ. 4229, 2003 WL 22097990, at *7 (S.D.N.Y. Sept. 5, 2003). The complaint was filed on December 3, 2007, and the latest dates referenced in the complaint are the termination of plaintiff's employment on or about May 25, 2006, and her arrest on or about August 7, 2006, both more than one year prior to the filing of the complaint. (Compl. ¶ 16.) In response, plaintiff argues that the cause of action for false arrest did not accrue until the charges against her were dropped. (P. Mem. ¶ 9.) Even assuming arguendo that her legal position is correct, however, her opposition papers conspicuously refrain from stating precisely when the dismissal occurred, or even from representing that it occurred during the limitations period. In any event,

---

be a hiring at will, terminable at any time by either party." DePetris v. Union Settlement Assn., 86 N.Y. 2d 406, 410 (1995).

the complaint does not allege any action by the defendants or event relevant to the case that occurred within one year of the filing of the complaint. Accordingly, the claims of intentional torts must be dismissed.

### III.    Leave to Replead

Plaintiff seeks leave to amend her complaint in the event defendants' motion is granted. Such leave is denied with respect to claims under 42 U.S.C. §§ 1983, 1985 and 1986, and as to claims of negligence, because plaintiff gives no indication of any facts that may exist that could remedy the legal defects in her complaint. Plaintiff may replead her intentional tort claims if she can allege facts making it plausible that any such claims accrued within the limitations period. Plaintiff may replead her claims of breach of contract if she can allege the existence of a contract and specify in what respect defendants breached the terms of any such contract.

### IV.    Discovery Issues

Plaintiff has adopted a somewhat cavalier approach to the discovery obligations set forth in the Federal Rules of Civil Procedure. Contrary to plaintiff's apparent belief, it is not sufficient simply to make herself available for a deposition, on the assumption that defendants will have the opportunity to have their questions answered in that forum. (Joint Letter dated June 23, 2008, at 1-2.) Nor is plaintiff exempted from compliance with the Federal Rules because her attorney is a "solo practitioner." (Id. at 3.) Defendants are entitled to proper initial disclosures in accordance with Rule 26(a)(1), and suitable responses to the interrogatories and document demands they have propounded. Contrary to plaintiff's apparent belief, these are not mere matters of form. Defendants are entitled to compliant responses, as is any party to litigation, so that they may hold plaintiff accountable for those responses. Accordingly, plaintiff is directed to

comply with all outstanding discovery obligations on or before July 18, 2008, as detailed below. Failure to provide appropriate responses will be grounds for appropriate preclusion orders.

Finally, to the extent plaintiff has not yet propounded document demands or interrogatories (a matter the parties apparently dispute), defendants' request that she be precluded from doing so is denied, provided that such demands are made on or before July 14, 2008. Failure to comply with this deadline will result in preclusion of later service of such demands.

## CONCLUSION

Accordingly, for the reasons stated above, it is hereby ORDERED that:

1. Defendants' motion for leave to amend their answer is granted.

2. Defendants' motion for judgment on the pleadings is granted to the extent that all claims for negligence, breach of contract, intentional torts, and violations of 42 U.S.C. §§ 1983, 1985, and 1986 are dismissed.

3. Plaintiff is granted leave to file an amended complaint to replead claims for breach of contract and for intentional torts, if she can do so consistent with the rulings in this Opinion and Order.

4. Plaintiff is directed, on or before July 18, 2008:

   a. to provide initial disclosures, including an explanation of the calculation of damages, fully compliant with Rule 26(a)(1);

   b. to answer Interrogatories Nos. 6, 10, and 14 through 19, including specifically identifying the "co-workers" referred to in her prior answer to Interrogatory No. 14, and to provide a sworn copy of all interrogatory responses, including the information supplementing the response to Interrogatory No. 4 that appears in counsel's letter;

      c.      to provide copies of all documents responsive to defendants' requests, accompanied by a written declaration that plaintiff has made a diligent search for all documents requested, and that additional documents have not been found or do not exist.

5.      Defendants' motion to preclude plaintiff from serving interrogatories or document demands is denied. Plaintiff's time to seek such discovery is extended to July 14, 2008. There shall be no extensions of this deadline.

6.      The deadline for completion of discovery set forth in the Case Management Order of February 15, 2008, will not be extended for any reason.

SO ORDERED:

Dated: New York, New York
       July 3, 2008

_____
GERARD E. LYNCH
United States District Judge