LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants
    SES Operating Corp., Harlem East Life Plan, and Harlem East
    Life Plan-SES Corp.
532 Broadhollow Road
Suite 142
Melville, NY  11747
631.293.4525

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Lydia Velez,

                    Plaintiff,

              -against-

SES Operating Corp., Harlem East Life Plan, and
Harlem East Life Plan-SES Corp.,

                    Defendants.

---

Civil Action No. 07 CV 10946 (GEL)

**FIRST AMENDED ANSWER**

              Defendants, SES Operating Corp., Harlem East Life Plan, and Harlem East Life Plan-SES Corp.,[1] by and through their attorneys of record, Littler Mendelson, P.C. hereby submit their first amended answer to the Complaint as follows:

              1.    Deny the allegations set forth in paragraph "1" of the Complaint alleging that Plaintiff was discriminated against, except admit that Plaintiff purports to proceed as set forth therein.

              2.    Deny the allegation that Plaintiff is entitled to the relief set forth in paragraph "2" of the Complaint, except admit that Plaintiff purports to seek the relief requested therein.

---

[1] SES Operating Corp. is a corporation doing business as Harlem East Life Plan.

3.     Deny the allegations set forth in paragraph "3" of the Complaint, except admit that Plaintiff purports to invoke the jurisdiction of this Court as set forth therein and respectfully refer the Court to the statutes cited to therein for a complete and accurate statement of their content.

4.     Admit the allegations set forth in paragraph "4" of the Complaint.

5.     Deny the allegations set forth in paragraph "5" of the Complaint, except admit that Plaintiff filed a charge with the EEOC against Defendant Harlem East Life Plan, and respectfully refer the Court to Plaintiff's EEOC charge, bearing the case number 520-2007-01637, for a complete and accurate statement of its content.

6.     Deny the allegations set forth in paragraph "6" of the Complaint, except admit that the EEOC issued to Plaintiff a Notice of Right to Sue dated November 2, 2007, and respectfully refer the Court to that document for a complete and accurate statement of its content.

7.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint, except admit that Plaintiff is a female.

8.     Deny the allegations set forth in paragraph "8" of the Complaint, and affirmatively state that SES Operating Corp. is a corporation duly formed and existing under the laws of the State of New York, doing business as Harlem East Life Plan, which maintains a principal place of business in the City, County and State of New York.

9.     Deny the allegations contained in paragraph "9" of the Complaint.

10.    Admit the allegations set forth in paragraph "10" of the Complaint.

11.    Deny the allegations set forth in paragraph "11" of the Complaint.

12.    Deny the allegations set forth in paragraph "12" of the Complaint.

13.    Deny the allegations set forth in paragraph "13" of the Complaint.

14.    Deny the allegations set forth in paragraph "14" of the Complaint.

15.    Deny the allegations set forth in paragraph "15" of the Complaint.

16.     Deny the allegations set forth in paragraph "16" of the Complaint, except admit that Plaintiff's employment was terminated on or about May 25, 2006.

17.     In response to the allegations set forth in paragraph "17" of the Complaint, Defendants repeat and reallege the responses set forth in paragraphs "1" through "16" of this Answer, as if fully set forth herein.

18.     Deny the allegations set forth in paragraph "18" of the Complaint.

19.     In response to the allegations set forth in paragraph "19" of the Complaint, Defendants repeat and reallege the responses set forth in paragraphs "1" through "18" of this Answer, as if fully set forth herein.

20.     Deny the allegations set forth in paragraph "20" of the Complaint.

21.     In response to the allegations set forth in paragraph "21" of the Complaint, Defendants repeat and reallege the responses set forth in paragraphs "1" through "20" of this Answer, as if fully set forth herein.

22.     Deny the allegations set forth in paragraph "22" of the Complaint.

23.     In response to the allegations set forth in paragraph "23" of the Complaint, Defendants repeat and reallege the responses set forth in paragraphs "1" through "22" of this Answer, as if fully set forth herein.

24.     Deny the allegations set forth in paragraph "24" of the Complaint.

25.     In response to the allegations set forth in paragraph "25" of the Complaint, Defendants repeat and reallege the responses set forth in paragraphs "1" through "24" of this Answer, as if fully set forth herein.

26.     Deny the allegations set forth in paragraph "26" of the Complaint.

27.    In response to the allegations set forth in paragraph "27" of the Complaint, Defendants repeat and reallege the responses set forth in paragraphs "1" through "26" of this Answer, as if fully set forth herein.

28.    Deny the allegations set forth in paragraph "28" of the Complaint.

29.    In response to the allegations set forth in paragraph "29" of the Complaint, Defendants repeat and reallege the responses set forth in paragraphs "1" through "28" of this Answer, as if fully set forth herein.

30.    Deny the allegations set forth in paragraph "30" of the Complaint.

31.    In response to the allegations set forth in paragraph "31" of the Complaint, Defendants repeat and reallege the responses set forth in paragraphs "1" through "30" of this Answer, as if fully set forth herein.

32.    Deny the allegations set forth in paragraph "32" of the Complaint.

33.    Deny that Plaintiff is entitled to any of the relief sought in the "Wherefore" clause of the Complaint, including all subparts contained therein.

### AS AND FOR A FIRST DEFENSE:

34.    The Complaint fails, in whole or in part, to state a claim against Defendants upon which relief may be granted.

### AS AND FOR A SECOND DEFENSE:

35.    To the extent the Complaint contains allegations that occurred more than 300 days prior to the date Plaintiff filed her charge with the Equal Employment Opportunity Commission, such allegations are untimely.

**AS AND FOR A THIRD DEFENSE:**

36.    All of Defendants' actions with respect to Plaintiff were taken in good faith, for legitimate, non-discriminatory reasons, without malice and based on reasonable factors other than Plaintiff's ethnic background, race and/or national origin.

**AS AND FOR A FOURTH DEFENSE:**

37.    If Plaintiff's rights were violated under New York State Law, which Defendants deny, it was without the knowledge, consent, approval or authorization of the Defendants, who neither knew nor had reason to know of any such violation, nor did Defendants condone or ratify any such conduct.  Actions entirely outside the scope of Defendants' business cannot be attributed to Defendants under New York State Law through the principles of agency, respondeat superior, or otherwise.

**AS AND FOR A FIFTH DEFENSE:**

38.    Any damages Plaintiff allegedly incurred were a result of her own negligent or culpable conduct.

**AS AND FOR A SIXTH DEFENSE:**

39.    The Defendants have not adopted any policy, practice or custom violative of Plaintiff's rights.

**AS AND FOR A SEVENTH DEFENSE:**

40.    Plaintiff's claims for front and/or back pay may be barred by her failure to mitigate damages.

**AS AND FOR AN EIGHTH DEFENSE:**

41.    Any award of punitive damages to Plaintiff would violate the substantive and procedural due process safeguards of the Fifth and Fourteenth Amendments to the Constitution of the United States, thus, Plaintiff's claim for punitive damages is consequently barred.

### AS AND FOR A NINTH DEFENSE:

42.    Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States and/or the State of New York or any political subdivision thereof.

### AS AND FOR A TENTH DEFENSE:

43.    Defendants are not liable for breaching contractual obligations because Plaintiff's employment was not subject to an employment contract, nor does she allege that it was.  The employment relationship between Plaintiff and Defendants was at will and thus subject to termination at any time and for any reason or cause and the conduct of Defendants in connection with said termination was fully justified.

### AS AND FOR AN ELEVENTH DEFENSE:

44.    Plaintiff cannot establish a claim under the Worker's Compensation Law because Plaintiff did not file a claim for worker's compensation while employed by Defendants, nor does she allege that she did.

### AS AND FOR A TWELFTH DEFENSE:

45.    Plaintiff's claims under 42 U.S.C. §§ 1985 and 1986 are barred by the intra-corporate conspiracy doctrine.

### AS AND FOR A THIRTEENTH DEFENSE:

46.    Defendants did not intentionally or negligently cause Plaintiff emotional distress.

### AS AND FOR A FOURTEENTH DEFENSE:

47.    Defendants are a private entity and as such are not subject to liability under 42 U.S.C. § 1983.

## AS AND FOR A FIFTEENTH DEFENSE:

48.    Plaintiff cannot maintain a cause of action under the "Civil Rights Act of 1966"

because no such act exists.

## AS AND FOR A SIXTEENTH DEFENSE:

49.    Plaintiff's intentional tort claims are barred, in whole or in part, by the applicable

statute of limitations.

## AS AND FOR A SEVENTEENTH DEFENSE:

50.    Plaintiff's claims sounding in negligence are preempted by the exclusivity

provisions of the New York Workers' Compensation Law.

Date:    July 7, 2008
         Melville, New York

John T. Bauer (JB 4658)
LITTLER MENDELSON
  A Professional Corporation
532 Broadhollow Road
Suite 142
Melville, NY  11747
631.293.4525

Attorneys for Defendants
  SES Operating Corp., Harlem East Life Plan,
  and Harlem East Life Plan-SES Corp.

LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants
532 Broadhollow Road
Suite 142
Melville, NY  11747
631.293.4525
Lisa M. Griffith (LG 1020)


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| Lydia Velez, | Civil Action No. 07 CV 10946 (GEL) |
| Plaintiff, | **DECLARATION OF SERVICE** |
| -against- | |
| SES Operating Corp., Harlem East Life Plan, and Harlem East Life Plan-SES Corp., | |
| Defendants. | |

---

Lisa M. Griffith, an attorney admitted to practice before this Court, hereby declares as follows under penalties of perjury:

On July 3, 2008, I sent the foregoing First Amended Answer on behalf of Defendants SES Operating Corp. et al., by First Class Mail to the following counsel of record:

Richard Kubick
7 East 14th Street
New York, NY  10003

Lisa M. Griffith (LG 1020)